Notice of Removal
*Lawrence v. Kalm Financial, Inc., et al.*

# COMPOSITE EXHIBIT A

## 2484CV00798 Lawrence, Vincent vs. Kalm Financial Inc et al



- Case Type:
- Torts
- Case Status:
- Open
- File Date
- 03/25/2024
- DCM Track:
- F - Fast Track
- Initiating Action:
- Other Tortious Action
- Status Date:
- 03/25/2024
- Case Judge:
- 
- Next Event:
- 

| All Information | Party | Tickler | Docket | Disposition |

### Party Information

**Lawrence, Vincent**
- Plaintiff

| Alias | | Party Attorney |
|---|---|---|
| | | Attorney |
| | | Pro Se |
| | | Bar Code |
| | | PROPER |
| | | Address |
| | | Phone Number |

More Party Information

**Kalm Financial Inc**
- Defendant

| Alias | Party Attorney |
|---|---|

More Party Information

**ClearOne Advantage LLC**
- Defendant

| Alias | Party Attorney |
|---|---|

More Party Information

**Cross Mortage LLC**
- Defendant

| Alias | Party Attorney |
|---|---|

More Party Information

**Amend Finance LLC**
- Defendant

| Alias | Party Attorney |
|---|---|

More Party Information

**Turbo Debt LLC**
- Defendant

| Alias | Party Attorney |
|---|---|

More Party Information

**John Does**
- Defendant

| Alias | Party Attorney |
|---|---|

More Party Information

**Jane Does**
- Defendant

| Alias | Party Attorney |
|---|---|

More Party Information

## Ticklers

| Tickler | Start Date | Due Date | Days Due | Completed Date |
|---|---|---|---|---|
| Service | 03/25/2024 | 06/24/2024 | 91 | |
| Answer | 03/25/2024 | 07/23/2024 | 120 | |
| Rule 12/19/20 Served By | 03/25/2024 | 07/23/2024 | 120 | |
| Rule 12/19/20 Filed By | 03/25/2024 | 08/22/2024 | 150 | |
| Rule 12/19/20 Heard By | 03/25/2024 | 09/23/2024 | 182 | |
| Rule 15 Served By | 03/25/2024 | 07/23/2024 | 120 | |
| Rule 15 Filed By | 03/25/2024 | 08/22/2024 | 150 | |
| Rule 15 Heard By | 03/25/2024 | 09/23/2024 | 182 | |
| Discovery | 03/25/2024 | 01/20/2025 | 301 | |
| Rule 56 Served By | 03/25/2024 | 02/18/2025 | 330 | |
| Rule 56 Filed By | 03/25/2024 | 03/20/2025 | 360 | |
| Final Pre-Trial Conference | 03/25/2024 | 07/18/2025 | 480 | |
| Judgment | 03/25/2024 | 03/25/2026 | 730 | |

## Docket Information

| Docket Date | Docket Text | File Ref Nbr | Image Avail. |
|---|---|---|---|
| 03/25/2024 | Attorney appearance<br>On this date Pro Se added for Plaintiff Vincent Lawrence | | |
| 03/25/2024 | Case assigned to:<br>DCM Track F - Fast Track was added on 03/25/2024 | | |
| 03/25/2024 | Affidavit of Indigency and request for waiver substitution of state payment of fees and costs filed without Supplemental affidavit<br>ALLOWED Filing + Service fees only | 1 | |
| 03/25/2024 | Original civil complaint filed. | 2 | Image |
| 03/25/2024 | Civil action cover sheet filed. | 3 | Image |
| 03/25/2024 | Demand for jury trial entered. | | |
| 03/25/2024 | Docket Note: Two summonses + Three copies of Affidavit allowed, complaint, cacs and tracking order in hand | | |
| 04/01/2024 | Notice of 93A complaint sent to Attorney General | | Image |
| 04/10/2024 | Service Returned for<br>Defendant Kalm Financial Inc: Service via certified mail; | 4 | Image |
| 04/10/2024 | Service Returned for<br>Defendant ClearOne Advantage LLC: Service via certified mail; | 5 | Image |
| 04/15/2024 | Plaintiff Vincent Lawrence's Notice of Settlement | 6 | Image |
| 04/22/2024 | Vincent Lawrence's request for Default 55(a)<br><br>Applies To: Kalm Financial Inc (Defendant) | 7 | Image |
| 04/25/2024 | Plaintiff Vincent Lawrence's Notice of Voluntary Dismissal  with prejudice without costs or attys fees and with all rights of appeal waived<br><br>Applies To: ClearOne Advantage LLC (Defendant) | 8 | Image |
| 04/25/2024 | Party status:<br>Defendant ClearOne Advantage LLC: Voluntarily dismissed; | | |
| 04/30/2024 | Plaintiff Vincent Lawrence's Notice of 14 extension to defendant | 9 | Image |
| 05/03/2024 | Amended: First amended complaint filed by Vincent Lawrence | 10 | Image |
| 05/13/2024 | Party(s) file Stipulation of Dismissal<br>(filed 5/10/24) as to plaintiff v defendant Kalm Financial LLC ONLY with prejudice with each party to bear its own costs and no right of appeal<br>JUDGMENT entered on docket pursuant to Mass R Civ P 58(a) as amended and notice sent to parties pursuant to Mass R Civ P 77(d)<br><br>Applies To: Lawrence, Vincent (Plaintiff); Kalm Financial Inc (Defendant) | 11 | Image |
| 05/13/2024 | Party status:<br>Defendant Kalm Financial Inc: Dismissed; | | |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 05/20/2024 | Service Returned for<br>Defendant Turbo Debt LLC: Service via certified mail; | 12 | Image |
| 05/20/2024 | Service Returned for<br>Defendant Cross Mortage LLC: Service via certified mail; | 13 | Image |
| 05/20/2024 | Service Returned for<br>Defendant Amend Finance LLC: Service via certified mail; | 14 | Image |
| 05/28/2024 | Plaintiff, Defendant Vincent Lawrence, Turbo Debt LLC's Joint Stipulation to extend Deadline | 15 | Image |

## Case Disposition

| Disposition | Date | Case Judge |
|---|---|---|
| Pending | | |

2

Commonwealth of  Massachusetts

SUFFOLK, ss.                                                                 SUPERIOR COURT

                                                                                      CASE NO: 24-0798G

VINCENT LAWRENCE

        Plaintiff,

v.                                                                    VERIFIED COMPLAINT

KALM FINANCIAL INC.

CLEAR ONE ADVANTAGE LLC.

        Defendant,



1.  This is an action for damages brought by an individual consumer for violations of the

    Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "TCPA"), Massachusetts

    Telemarketing Solicitation Act 159 c, Massachusetts Unfair and Deceptive Trade Practices

    Act M.G.L. c 93 a.. The TCPA broadly prohibits any person from placing calls and text

    messages using an automated telephone dialing system or artificial or prerecorded voice

    to a cellular phone.

1

2. Defendant harassed Plaintiff with autodialed and artificial prerecorded calls[1] to my cell phone # 857-225-3862 in violation of the TCPA. All these calls were made without Plaintiff's consent. Despite Plaintiff's numerous requests for the calls to cease, Defendant continued to bombard me with repeated annoying and harassing calls.

3. Plaintiff was constrained to file this case to get these harassing prerecorded calls and text messages to stop. Plaintiff seeks statutory damages for Defendant's willful violations of the TCPA, MTSA and MGL 93a as well as punitive damages for invasion of privacy under Massachusetts law.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this action pursuant to  Ma. State Statutes MGL 93a and  M.G.L., c. 159C as the action arises under the Massachusetts Telephone Solicitation.

5. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* ("TCPA").

6. This Court has personal jurisdiction over Defendants Kalm and Clear and venue is proper in this District because Defendants directs, markets, and provide their businesses

---

[1] "The TCPA also applies to other forms of communication, such as text messages. See Campbell-Ewald Co. v. Gomez, —— U.S. ——, 136 S. Ct. 663, 667, 193 L.Ed.2d 571 (2016)." *Breda v. Cellco P'ship*, 934 F.3d 1, 4 n.1 (1st Cir. 2019)

2

activities to this District, Defendants' unauthorized marketing scheme was directed by

Defendants above to consumers in this District, and they transact business in

Massachusetts and/or contract to supply their goods and service in Massachusetts.

7. This Court has personal jurisdiction because plaintiff was harmed by defendants in

Suffolk County.

**PARTIES**

8. Plaintiff ("Vincent Lawrence") is a natural person and is a resident of Suffolk County

Massachusetts and lives at 111 Atlantic Avenue Apt 2, Boston, Ma 02126. 02110

9. Defendant Kalm Financial Inc . is a Delaware Limited Liability Company debt settlement

and credit counseling company whose registered agents address is  Harvard Business

Services, inc. 16192 Coastal Highway Lewes, DE 19958.

10. Defendant  ClearOne Advantage, LLC ("Clear") is a **Credit and Debt Counseling**

**Services** that offers debt relief, credit counseling, and consolidation solutions and is

located at 3500 Boston Street, Suite 413 Baltimore, MD 21224 and 1501 South Clinton

Street # 320 Baltimore, MD 21224.

**FACTUAL ALLEGATIONS**

11. Plaintiff Vincent Lawrence owns a cellular telephone with the number 857-225-3862

registered to it.

12. Plaintiff makes emergency calls from this devise as well as uses it as his home telephone

and it is used to watch television shows and for personal use.

3

13. This phone number was assigned to a cellular telephone service which Plaintiff pays for monthly bill with T-Mobile.

14. Plaintiff registered his two telephone on the National Do Not Call Registry on November 15, 2023, 857-225-3862 and 857-225-3748.

15. Plaintiff registered his two telephone also on the Massachusetts State Do Not Call Registry on November 15, 2023, 857-225-3862 and 857-225-3748.

16. On November 15, 2023, The Nation Do Not Call Registry then sent me two email informing me that my telephone number 857-225-3748 was registered on November 15, 2023. [2]

17. Defendants Kalm and Clear have caused multiple text messages and artificial pre-recorded messages to be transmitted to Plaintiff's cellular telephone number 857-225-3862.

18. Defendants Kalm and Clear placed these text and prerecorded calls to plaintiffs cellular telephone without plaintiffs consent or an emergency purpose.

19. Defendants Kalm and Clear have called plaintiff once and twice within a 12 month period using an ATDS and or an Automatic Telephone Dialing system.

20. Defendants' Kalm and Clear generates new customers by sending text and calls with an Automatic Telephone Dialing System and prerecorded artificial messages.

---

[2] 159C Section 7. If the Federal Communications Commission establishes a single national database of telephone numbers of consumers who do not wish to receive unsolicited telephonic sales calls pursuant to 47 U.S.C. section 227 (c)(3), the office shall include that part of such single national database that relates to the commonwealth in the listing established pursuant to this chapter.

21. In sending the unsolicited text messages and artificial prerecorded calls to plaintiffs cellular telephone, Defendants Kalm and Clear employed or authorized to be employed the use of an ATDS, hardware and/or software with the capacity to use a random or sequential number generator to either store or produce phone numbers to be called to plaintiffs' number that on the Federal & State DNCR.[3]

22. Defendants Kalm and Clear intentionally caused and used a blocking device or service to circumvent the plaintiffs use of a call identification service or device. This is contrary to M. G. L. c. 159C, § 4. And G.L.C 93 a.

23. Defendants caused my caller I.D to reveal another incoming number when they placed calls to my cellular telephone.

24. The purpose of Defendants' Kalm and Clear text messages and prerecorded calls to plaintiff cellular telephone was to advertise, promote, and/or market and/or to solicit the sale of their consumer goods and services.

25. Plaintiff has never had an Established Business Relationship with defendants Kalm or Clear to place any calls to his cellular telephone.

26. When plaintiff answered these prerecorded calls he would here pause and then a click and then the messages would start or go to a live agent.

27. Plaintiff would sometimes states stop calling this phone but the voice would keep talking.

---

[3] See *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1173 (2021).

28. It is believed, and therefore averred, that calls made by Kalm to Plaintiff s cell phone were made using either an automatic telephone dialing system, as that term is defined in 47 U.S.C. § 227(a)(1), or an artificial prerecorded voice message.

29. Defendant Kalm and Clear willfully placed these auto-dialed calls and prerecorded voice messages to Plaintiff cellular telephone without Plaintiffs express or written consent.

30. Defendants Kalm and Clear repetitive, incessant calls have caused Plaintiff emotional harm and distress, embarrassment, aggravation, discomfort, and other losses.

31. The ongoing calls from defendants Kalm and Clear are harassing and abusive and invaded plaintiffs privacy.

32. Defendant Kalm called me from several telephone numbers including causing my caller I.D to display several number including 215-268-3027, (215) 613- 4864, (215) 941-5262, (215) 488-7580, (215) 268-3217, (215) 613- 4788, (215) 268-3217, and (610) 938-6974.

33. Defendants Kalm called me to sell me debt settlements services.

34. When the defendant called me from Kalm Financial Inc. a gentlemen with an accent stated his name was Hubert and he stated he got my number when Kalm conducted a research program.

35. Defendant Kalm Financial Inc. have caused at least Six Prerecorded Artificial Voice Messages to be transmitted to Plaintiff's cellular telephone number, 857-225-3862.

36. The defendant Kalm called me with prerecorded messages that stated *" Hi, we are calling from call Financial. We're here to assist you with your debt and financial recovery. Please call us at 8448022274. That's 844-802-2274 to begin. Thank you and have a great day"* trying to sell me debt relief services.

37. The defendant Kalm agent stated I could call him back on 2152683027 or 844-8022274 on an extension of 118, I never gave him consent at all on the call he said the call was recorded.

## KALM FINANCIAL INC. CALLS

Feb 22, 2024, 10: 44 AM IN (215) 268-3027

Feb 26, 2024, 11:35 AM IN (215) 613- 4864

Feb 27, 2024, 9:59 AM IN (215) 941-5262

March 12, 2024, 3:24 PM IN (215) 268-3027

March 10, 2024, 9:06 AM IN (215) 488-7580

March 13, 2024, 8:06 AM IN (215) 268-3217

## KALM TEXT MESSAGES

38. Defendant Kalm Financial Inc. have caused at least Eight text messages, all of the Text messages was transmitted to Plaintiff's cellular telephone number below to Plaintiff cellular telephone number without Consent or an emergency purpose to 857-225-3862 on:

Feb 27, 2024, 6:59 AM IN (215) 613- 4788

Feb 23, 2024, 6:18 AM IN (215) 268-3217

Feb 23, 2024, 9:18 AM IN (215) 268-3217

Feb 23, 2024, 11:06 AM IN (215) 268-3217

Feb 29, 2024, 3:19 PM IN (610) 938-6974

7











8

39. The district has found that Pre-recorded calls without consent or for an emergency purpose is a violation of the TCPA.[4]

40. Defendants Kalm left at least Nine Artificial Pre-recorded messages on Plaintiffs cellular telephone without consent, Established Business Relationship or for an emergency purpose.

41. The TCPA statute and the FCC Regulations by its terms exempts only calls made for emergency purposes and calls made with the prior express consent of the called party, 47 U.S.C. § 227(b)(1)(A)(iii), and the prohibition is not limited to telephone solicitations. See In re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991, 30 FCC Rcd. 7961, 8022-23 (2015) (noting that "the TCPA contains unique protections for wireless consumers because autodialed and prerecorded calls are increasingly intrusive in the wireless context, . . . [and] the intrusion on the consumer's privacy from unwanted calls may actually be greater with wireless than wireline calls, where the calls are received on a phone that the consumer may carry at all times".[5]

---

[4] 227(b)(1)(A)(iii) of the TCPA, which broadly prohibits "*any* person" from using "any [ATDS1] or an artificial or prerecorded voice" to make "*any* call (other than a call made for emergency purposes or made with the prior express consent of the called party) . . . to *any* telephone number assigned to a . . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii)

[5] Elements of a TCPA claim under 227(b)(1)(A)(iii) are: **(1)** the defendant used an ATDS or artificial or prerecorded voice, (2) to call a telephone number assigned to a cellular service or service for which the called party is charged for the call); further, a consumer who has provided express consent to receive autodialed or prerecorded/artificial voice calls may revoke that consent. See In re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991, 30 FCC Rcd. 7961, 7966 (July 10, 2015) ("Consumers have a right to revoke consent, using any reasonable method including orally or in writing").

## DEFENDANT CLEARONE ADVANTAGE CALLS

42. Defendant Clear called and Text my cellular telephone as well without an emergency

    purpose or express or written consent one and two times within a 12 month period.

43. On Feb 15, 2024, at 12:04 PM Clear text my cellular telephone .

44. Defendant Clear text message said to pt out send Reply X to the text.

45. On Feb 15, 2024, at approximately 12:08 PM I Replied Reply X as Clear stated to stop all

    calls.

46. Defendants ignored my request to opt out and sent another text message on Feb 15,

    2024, at 2:11 PM again the text message stated *" Theres still time to get a savings*

    *estimate and debt resolution plan from ClearOne Advantage. Call 7578321016 for a 15*

    *minute Chat"*

 



47. Neither Kalm nor Clear nor their agents were registered with the Massachusetts Office of Consumers affairs and Business Regulation (the "Office") as a telephone solicitor.

48. Defendants have caused multiple text messages to be transmitted to Plaintiff's cellular telephone.

49. Defendants' Kalm and Clear text messages also caused Plaintiff harm, including trespass, annoyance, nuisance, invasion of privacy, and intrusion upon seclusion.

50. Defendants' Kalm and Clear text messages also occupied storage space on Plaintiff's telephone.[6]

51. Defendants' Kalm and Clear failed to register as a telemarketer under requirement of 201 C.M.R. § 12.04(3) failed to comply with the requirement of 201 C.M.R. § 12.04(3) which is contrary to G.L.c 93A.

52. Defendants' Kalm and Clear legally was forbidden to place telemarketing calls and Text messages to Massachusetts Consumers such as plaintiff under 201 C.M.R. § 12.04(3).

---

[6] "Even one unsolicited, automated text message" is "a concrete and particularized injury" that provides Article III standing. *Chennette v. Porch.com*, 50 F.4th 1217, 1222 (9th Cir. 2022).

53. Defendants Kalm and Clear was not registered under 201 C.M.R. § 12.04(3) which they were prohibited from obtaining a list of consumers that had registered under the Massachusetts Do Not Call Registry and their acts where willful and knowingly.

54. Defendants Kalm and Clear did not provide training to their personnel and or agents engaged in telemarketing; and/or (3) failed to maintain a reassigned list of numbers from the FCC and Massachusetts to scrub against their telemarketing list.

55. Without a list of consumer that had registered on the Massachusetts DNC defendants Kalm and Clear could not scrub their phone records and their acts where knowing and willful contrary to MGL 93a and  M. G. L., c. 159C § 8.

56.  Defendants Kalm and Clear are responsible for Plaintiff's reasonable attorney's fees and costs under the MTSA 159 c and MGL 93a.[7]

57. Defendants' Kalm and Clear telephonic sales calls and text caused Plaintiff harm, including inconvenience, invasion of privacy, aggravation, annoyance, wear and tear to his cell phone, loss of battery charge and life, and per-kilowatt electricity cost required to recharge his cellular telephone as a result of increased usage of plaintiff's cell phone services and violation of hiss statutory privacy rights.

### COUNT I
**Violations of the Telephone Consumer Protection Act,
47 U.S.C. §227(b)(1)(A)-on behalf of Plaintiff
Defendants KALM and Clear**

---

[7] "In a civil proceeding resulting from a transaction involving a violation of this chapter, the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, shall be awarded reasonable attorney's fees and costs from the non-prevailing party.  M. G. L., c. 159C § 8

58. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

59. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the Plaintiff's cellular telephone number using an ATDS and/or artificial or prerecorded voice.

60. As a result of the acts of Defendants (and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf) in violation of the TCPA, 47 U.S.C. § 227, Plaintiff presumptively is entitled to an award of $500 in damages for each and every call made to his cellular telephone number using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

61. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

62. Defendants' violations were willful and/or knowing.

63. As a result of Defendants' knowing or willful conduct, Plaintiff is entitled to an award of $1,500.00 in statutory damages per each violation of 47 U.S.C. §227(b)(1)(A).

**COUNT II**

13

**Violation of the TCPA's DNC provisions**

**Defendants Kalm and Clear**

64. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

65. Defendants violated the TCPA by (a) initiating telephone solicitations to persons and entities whose telephone numbers were listed on the Do Not Call Registry, or (b) by the fact that others made those calls on its behalf. *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

66. Defendants' violations were willful and/or knowing.

67. As a result of Defendants' violations of the TCPA, 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of up to $500 in damages for each call made in violation of this section. The Court may award up to $1,500 if the violation was found to be "willful or knowing."

68. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendants Best and Falls and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making calls advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry.

69. As a result of Defendants' knowing or willful conduct, Plaintiff is entitled to an award of $1,500.00 in statutory damages per each violation of the 47 U.S.C. § 227(c)(5).

## COUNT III
### (Violation of the MTSA )
### Defendants Kalm and Clear

70. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

71. Defendants made unsolicited telephonic sales calls to Plaintiff.

72. Defendants made these calls to Plaintiff without express written consent or permission, in violation of M.G.L., c. 159C, § 1.

73. Defendants falsified and displaced caller identification, in violation of M.G.L., c. 159C, § 4 (and 201 C.M.R. § 12.02(5).

74. Defendants failed to register with the Office, in violation of 201 C.M.R., § 12.04. Telephone solicitors making calls to Massachusetts consumers are required "to properly register on an annual basis with the Office."

75. Defendants have failed to satisfy a basic, threshold requirement for conducting telephone solicitations in Massachusetts, that telephone solicitors must "have an approved registration prior to soliciting any Massachusetts consumers." 201 C.M.R., § 12.04(3).

76. Defendants have also failed to comply with the requirement of 201 C.M.R § 12.04(3) that they keep and consult the latest version of the Massachusetts do-not-call registry.

77. As a result of this conduct, Defendants have violated the MTSA, and they are liable to Plaintiff for damages, including actual damages or statutory damages of up to $5,000 for each MTSA violation, whichever is greater.

<u>COUNT IV</u>
**(Violation of the MTSA Do Not Call Provisions)**
**All Defendants**

78. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

79. Defendants made unsolicited telephonic sales calls and text to Plaintiff when Plaintiff was registered with the Massachusetts do-not-call registry, in violation of M.G.L., c. 159C, § 3 (and 201 C.M.R. § 12.02(1)).

80. As a result of this conduct, Defendants knowingly and willfully have violated the MTSA, and they are liable to Plaintiff for damages, including actual damages or statutory damages of up to $5,000 per violation, whichever is greater.

**COUNT V**
**VIOLATION OF THE MASSACHUSETTS UNFAIR AND DECEPTIVE**
**TRADE PRACTICES ACT M.G.L.c 93A**
**DEFENDANTS KALM & CLEARONE**

81. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

82. Defendants have failed to satisfy a basic threshold requirement for conducting telephone solicitations in Massachusetts, that telephone solicitors must "have an approved registration prior to soliciting any Massachusetts consumers." 201 C.M.R., § 12.04(3).

83. Defendants nor their agents were registered with the Massachusetts Office of Consumers affairs and Business Regulation (the "Office") as a Telephone Solicitor which is a contrary to 201 C.M.R. § 12.04. and M.G.L. 93 A.

84. Defendants failed to Register as a Massachusetts telemarketer as is required by 201 C.M.R. § 12.04. Telephone solicitors engaging in unsolicited telephonic sales text (calls)

16

to Massachusetts consumers are required to "properly register on an annual basis with the Office" which is contrary to MGL 93 A.

85. Defendants text (called) plaintiff telephone number after 9pm eastern standard time which is a violation of the Telephone Consumer Practices Act, Massachusetts Telemarketing Solicitation Act 159C and 201 C.M.R., § 12.04(3) which is contrary to M.G.L. 93 A.

## INJUNCTIVE RELIEF

## DEFENDANTS KALM & CLEARONE

86. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227, by text (calls), except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future

87. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

88. An injunction requiring Defendants to comply with 47 U.S.C. § 227(b)(3) and (c)(5). 201 C.M.R., § 12.04(3), MGL 93A, 47 C.F.R. § 64.1200(d) by (1) maintaining the required written policies; (2) providing training to their personnel engaged in telemarketing; and (3) maintaining a do-not-call list (4) To make any more calls or text messages without Consent.

**PRAYERS FOR RELIEF SOUGHT**

**WHEREFORE,** Plaintiff requests the following relief:

89. Injunctive relief prohibiting Defendants from calling ANY telephone numbers advertising their goods or services, except for emergency purposes, to ANY number on the National or State Do Not Call Registry using an ATDS and/or artificial or prerecorded voice in the future.

90. Because of Defendant's violations of the TCPA, Plaintiff should be awarded $500 in damages for each violation or—where such regulations were willfully or knowingly violated—up to $1,500 per violation, pursuant to 47 U.S.C. § 227(b)(3) and (c)(5).

91. Because of Defendants violations of M.G.L., c. 159C by engaging in and causing a pattern or practice of initiating telephone solicitations to Plaintiff's cellular phone without Plaintiff's express written consent on at least five (5) occasions, knowingly and willfully, Plaintiff seeks $5000 in damages for each violation of the act.

92. Because of Defendants' violations of the Massachusetts and TCPA Do Not Call Registry, and 47 U.S.C. § 64.1200(c)(2), 47 U.S.C. § 64.1200(c)(5), 47 U.S.C. §227(b)(1)(A), Plaintiff seeks damages of up to $500.00 per violation, and the court to find the calls where willful $1500 per violation.

93. An injunction requiring Defendants to comply with 47 U.S.C. § 227(b)(3) and (c)(5). 201 C.M.R., § 12.04(3), MGL 93A, 47 C.F.R. § 64.1200(d) by (1) maintaining the required written policies; (2) providing training to their personnel engaged in telemarketing; and (3) maintaining a do-not-call list.

94. Award plaintiff double or treble damages under the M.G.L 93a statute for not being registered with the Massachusetts Office of Consumers affairs and Business Regulation (the "Office") as a Telephone Solicitor before texting (Calling) Massachusetts residents under 201 C.M.R. § 12.04.

95. Award Plaintiff Punitive damages and reasonable attorney's fees pursuant to M.G.L., c. 159C. and MGL 93a.

96. An order declaring that Defendants' actions, as set out above, violated the Telephone Consumer Practices Act, Massachusetts Telemarketers Solicitation Act 159 c and the Massachusetts Unfair and Deceptive Trade Practices Act MGL 93a.

97. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff request a jury trial as to all claims of the complaint so triable.

Respectfully submitted,                                    March 21, 2024

*Vincent Lawrence*

Vincent Lawrence

111 Atlantic Avenue Apt 2

Boston, Ma 02126

Vlawrence02121@gmail.com

857-225-3862

## VERIFIED LAWSUIT

I Vincent Lawrence is the Plaintiff in this civil proceeding before this court. I am over the age of 21, I verify that I have personal knowledge of the facts stated above and hereby swear under pains and penalties of perjury that all of those facts are true and accurate.

Under the law, specifically 28 U.S.C. § 1746(2), I, Vincent Lawrence, am declaring under penalty of perjury that everything stated in this Verified Complaint is true and accurate to the best of my knowledge. I have firsthand knowledge and can testify in court about the information provided herein.

Respectfully submitted,                                    March 21, 2024

*Vincent Lawrence*

Vincent Lawrence

111 Atlantic Avenue Apt 2

Boston, Ma 02126

Vlawrence02121@gmail.com

857-225-3862

20

| NOTICE TO ATTORNEY GENERAL OF COMPLAINT ON CHAPTER 93A ACTION | DOCKET NUMBER<br>2484CV00798 G | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>Lawrence, Vincent vs. Kalm Financial Inc et al | | John E. Powers III, Acting Clerk of Court<br>Suffolk County Civil |
| Andrea Joy Campbell<br>Consumer Protection Division<br>One Ashburton Place<br>Boston, MA 02108-1698 | | COURT NAME & ADDRESS<br>Suffolk County Superior Court - Civil<br>Suffolk County Courthouse, 12th Floor<br>Three Pemberton Square<br>Boston, MA 02108 |

Pursuant to G.L. c. 93A, § 10, enclosed is a copy of the complaint seeking relief under G.L. c. 93A. The action was filed in this court on 03/25/2024.

| DATE<br>04/01/2024 | CLERK OF COURTS<br>John E. Powers III, Acting Clerk of Court |
|---|---|

# CIVIL ACTION COVER SHEET

DOCKET NUMBER
24-0798 G

**Massachusetts Trial Court**
**Superior Court**

3

COUNTY Suffolk Superior Court (Boston)

| | |
|---|---|
| **Plaintiff** Vincent Lawrence | **Defendant:** Kalm Financial Inc . |
| ADDRESS: 111 Atlantic Avenue Apt 2 | ADDRESS: Registered Agent |
| Boston, Ma 92126 02110 | Harvard Business Services, inc. |
| | 16192 Coastal Highway Lewes, DE 19958. |
| **Plaintiff Attorney:** PRO SE | **Defendant:** ClearOne Advantage, LLC |
| ADDRESS: | ADDRESS: 1501 South Clinton Street # 320 |
| | Baltimore, MD 21224 |
| | |
| **BBO:** | |

## TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B99 | Mass Telemarketing Solicitation Act 159 C | F | ☒ YES   ☐ NO |

**\*If "Other" please describe:**

Is there a claim under G.L. c. 93A?        Is there a class action under Mass. R. Civ. P. 23?
☒ YES   ☐ NO                              ☐ YES   ☒ NO

### STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages.
(Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

**TORT CLAIMS**

A. Documented medical expenses to date

   1. Total hospital expenses

   2. Total doctor expenses

   3. Total chiropractic expenses

   4. Total physical therapy expenses

   5. Total other expenses (describe below)      $2.05

| Letters |
|---|

                             Subtotal (1-5):   $2.05

B. Documented lost wages and compensation to date

C. Documented property damages to date

D. Reasonably anticipated future medical and hospital expenses

E. Reasonably anticipated lost wages

F. Other documented items of damages (describe below)     $72,500.00

| Statutory Damages under MGL 159 c and MGL 93A |
|---|

                             TOTAL (A-F):   $72,502.05

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | | Total |

Signature of Attorney/Self-Represented Plaintiff: X *Vincent Lawrence*     Date: March 24, 2024

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION UNDER S.J.C. RULE 1:18(5)

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney: X *Vincent Lawrence*     PRO SE     Date: March 24, 2024

SC0001- 02/24     www.mass.gov/courts     Date/Time Printed:03-24-2024 13:57:01

| **Summons** | CIVIL DOCKET NO.<br><br>2484CV00798 G | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|

| CASE NAME:<br>Vincent Lawrence<br><br>vs.<br><br>Clearone Advantage LLC | | John E. Powers III | Acting<br>Clerk of Courts |
|---|---|---|---|
| | Plaintiff(s)<br><br><br>Defendant(s) | Suffolk | County |
| | | COURT NAME & ADDRESS:<br>Suffolk Superior Civil Court<br>Three Pemberton Square<br>Boston, MA. 02108 | |

THIS SUMMONS IS DIRECTED TO   Kalm Finanial Inc (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the                                    Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your **signed original** response with the Clerk's Office for Civil Business, Suffolk Superior        Court 3 Pemberton Square Boston MA 02108    (address), by mail, in person, or electronically through the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

b) Delivering or mailing **a copy** of your response to the Plaintiff's attorney/Plaintiff at the following address: Vincent Lawrence 111 Atlantic Avenue Apt 2 Boston MA 02110

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

**3. (cont.)** Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure**. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. _Michael D. Ricciuti_ , Chief Justice on _____ , 20 ___ . (Seal)

Acting Clerk _____

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

PROOF OF SERVICE OF PROCESS

I hereby certify that on _03/28/24_ , I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

I mailed a copy of the Complaint, Summons, and Cover sheet to the defendant Kalm Financial LLC. Registered agent address at 16192 Coastal HWY, Lewes, DE 19958, By USPS Certified Return Receipt # 9589 0710 5270 0386 7201 55 it was received on April 1, 2024

Dated: _April 10, 2024_

Signature: _Vincent Lawrence_

**N.B.  TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

Date: _April 1, 2024_

# Affidavit

## State of Massachusetts

## County of Suffolk

SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE

2024 APR 10  P 12: 24

JOHN E. POWERS III
ACTING CLERK MAGISTRATE

I, Vincent Lawrence, being of lawful age, hereby declare under the penalties of perjury that I have served the defendants a Summons, Complaint, and cover sheet via the United States Postal Service Return Receipt. These documents were addressed to the registered agent authorized by law to accept service on behalf of the defendants.

The package intended for ClearOne Advantage LLC was signed for by Paul Sisofo, as evidenced by Exhibit 1 attached hereto.

Similarly, the package intended for Kalm Financial LLC was signed for by Allison Rathmainner, as evidenced by Exhibit 2 attached hereto.

Pursuant to 28 U.S.C. § 1746(2), I, Vincent Lawrence, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Vincent Lawrence

*Vincent Lawrence*   April 10, 2024

1



**USPS TRACKING #**

WILMINGTON DE 197

APR 2024 PM 3 L

9590 9402 8604 3244 6898 82

**United States
Postal Service**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Vincent Lawrence
111 Atlantic Ave #208
Boston. MA 02110

0-37955B



**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Kalm Financial LLC
16192 Costal HWY
Lewes, DE 19958

9590 9402 8604 3244 6898 82

2. Article Number *(Transfer from service label)*



9589 0710 5270 0386 7201 55

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____  ☐ Agent
                           ☐ Addressee

B. Received by *(Printed Name)*        C. Date of Delivery

Allison Rathmumer                      4/1/24

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ___ed Mail
☐ ___ed Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053                 Domestic Return Receipt

| **Summons** | CIVIL DOCKET NO.<br><br>2484 CV 00798 G | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|

| CASE NAME: | | John E. Powers III | Acting<br>Clerk of Courts |
|---|---|---|---|

Vincent Lawrence

Plaintiff(s)

vs.

Suffolk | County

COURT NAME & ADDRESS:
Suffolk Superior Civil Court
Three Pemberton Square
Boston, MA. 02108

Kalm Financial Inc et al          Defendant(s)

THIS SUMMONS IS DIRECTED TO  Clear One Advantage, LLC  (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the                          Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your **signed original** response with the Clerk's Office for Civil Business, Suffolk Superior Court 3 Pemberton Square Boston MA   02108 (address), by mail, in person, or electronically through the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

b) Delivering or mailing **a copy** of your response to the Plaintiff's attorney/Plaintiff at the following address: Vincent Lawrence 111 Atlantic Avenue Apt 2 Boston MA 02110

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

**3. (cont.)** Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure**. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. _Michael D. Ricciuti_ , Chief Justice on _____ , 20 ____ . (Seal)

Acting Clerk

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _03/28/24_ , I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

I mailed a copy of the Summons Complaint and Cover sheet to the defendant Clearone Advantage LLC. Registered agent address at 251 Little Falls Drive, Wilmington, DE 19808 by USPS Certified Return # 9589 0710 5270 0336 7201 48 and it was received April 1, 2024

Dated: _April 10, 2024_

Signature: _Vincent Lawrence_

**N.B.   TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

Date: _April 1, 2024_

# Affidavit

## State of Massachusetts

## County of Suffolk

SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE

2024 APR 10  P 12: 24

JOHN E. POWERS III
ACTING CLERK MAGISTRATE

I, Vincent Lawrence, being of lawful age, hereby declare under the penalties of perjury that I have served the defendants a Summons, Complaint, and cover sheet via the United States Postal Service Return Receipt. These documents were addressed to the registered agent authorized by law to accept service on behalf of the defendants.

The package intended for ClearOne Advantage LLC was signed for by Paul Sisofo, as evidenced by Exhibit 1 attached hereto.

Similarly, the package intended for Kalm Financial LLC was signed for by Allison Rathmainner, as evidenced by Exhibit 2 attached hereto.

Pursuant to 28 U.S.C. § 1746(2), I, Vincent Lawrence, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.


Vincent Lawrence

*Vincent Lawrence*      April 10, 2024

1

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Clearone Advantage LLC

251 Little Falls Drive

Wilmington. DE 19808

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _Paul Sisofo_

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*       C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

9590 9402 8604 3244 6898 99

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ ...red Mail
- ☐ ...red Mail Restricted Delivery (over $500)

- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

2. Article Number *(Transfer from service label)*



9589 0710 5270 0386 7201 48

PS Form **3811**, July 2020 PSN 7530-02-000-9053

Domestic Return Receipt

**USPS TRACKING #**



9590 9402 8604 3244 6898 99

**United States
Postal Service**

**First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10**

• Sender: Please print your name, address, and ZIP+4® in this box•

Vincent Lawrence
111 Atlantic Ave #208
Boston. MA 02110



Commonwealth of Massachusetts

SUFFOLK, ss.                                           SUPERIOR COURT

                                        CASE NO: 2484CV00798   G

VINCENT LAWRENCE

            Plaintiff,

v.

KALM FINANCIAL INC.

CLEAR ONE ADVANTAGE LLC.

            Defendant,

## NOTICE OF SETTLEMENT

I am writing to inform you of a recent development in the matter of this case. After extensive negotiations between the plaintiff and ClearOne Advantage LLC., we have reached a settlement agreement that resolves all outstanding issues related to this case.

We are in the process of structuring and signing the Settlement agreement, we will proceed with the necessary steps to finalize the settlement and bring this matter to a close and keep the court informed.

Vincent Lawrence

111 Atlantic Ave, apt 208

Boston, Ma 02126

Vlawrence02121@gmail.com

*Vincent Lawrence* April 15, 2024

857-225-3862

CERTIFICATE OF SERVICE

I, Vincent Lawrence, hereby certify that on April 15, 2024, I served the defendant
ClearOne Advantage LLC. attorney a copy of this document by email, and I affirm that proper
service was completed in accordance

with the applicable rules of procedure.

*Vincent Lawrence*      April 15, 2024

Vincent Lawrence

111 Atlantic Ave, apt 208

Boston, Ma 02126

Vlawrence02121@gmail.com

857-225-3862

**Darleen V. Karaszewski, Esq.**

Managing Counsel

**ClearOne Advantage**

3500 Boston St. Suite 413

Baltimore, MD 21224

(410) 450-4859

Commonwealth of Massachusetts

SUFFOLK, ss.                                                SUPERIOR COURT

CASE NO: 2484CV00798



VINCENT LAWRENCE

            Plaintiff,

v.

KALM FINANCIAL INC.

CLEAR ONE ADVANTAGE LLC.

            Defendant,

## REQUEST FOR DEFAULT

### (Pursuant to Mass. R. Civ. P. 55(a))

I Vincent Lawrence the Plaintiff state that the complaint in which a judgment for affirmative relief is sought against the defendant (s) herein, was filed on April 10, 2024, with this court and the Cover sheet summons and a copy of the Verified complaint was mailed by certified Return receipt served on the Defendant Kalm Financial LLC. Registered agent Harvard Business Service, Inc. located at 16192 Coastal Highway Lewes, De 19958 and receive by them on April 1, 2024, and signed for by Allison Rathmanner See Exhibit 1.

The time within which the Defendant(s) shall serve a responsive pleading or otherwise defend pursuant to Rule 12(a), has expired and the defendant(s) herein has/have failed to serve or file an answer or otherwise defend as to the complaint 20 days of receiving the Summons and Verified Complaint package.

WHEREFORE, the Plaintiff makes application that the Defendant Kalm Financial Inc. be defaulted.

1

SIGNED UNDER THE PENALTIES OF PERJURY

I am the Plaintiff in this civil proceeding, pursuant to 28 U.S.C. § 1746(2), I, Vincent Lawrence, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

*Vincent Lawrence* April 22, 2024

Vincent Lawrence

111 Atlantic Ave, apt 208

Boston, Ma 02126

Vlawrence02121@gmail.com

857-225-3862

## CERTIFICATE OF SERVICE

I, Vincent Lawrence, hereby certify that on April 22, 2024, I served the defendant Kalm Financial LLC. Registered agent Harvard Business Service, Inc. located at 16192 Coastal Highway Lewes, De 19958 and all other attorneys of record a copy of this document by First Class mail, and I affirm that proper service was completed in accordance with the applicable rules of procedure.

*Vincent Lawrence*  April 22, 2024
Vincent Lawrence

111 Atlantic Ave, apt 208

Boston, Ma 02126

Vlawrence02121@gmail.com

857-225-3862

Darleen V. Karaszewski, Esq.

Managing Counsel

ClearOne Advantage

3500 Boston St. Suite 413

Baltimore, MD 21224

(410) 450-4859

# EXIHBIT 1

Department of State: Division of Corporations

Allowable Characters

HOME

| | Entity Details |
|---|---|

**THIS IS NOT A STATEMENT OF GOOD STANDING**

| File Number: | 7555978 | Incorporation Date / Formation Date: | **7/7/2023** (mm/dd/yyyy) |
|---|---|---|---|
| Entity Name: | **KALM FINANCIAL, LLC** | | |
| Entity Kind: | **Limited Liability Company** | Entity Type: | **General** |
| Residency: | **Domestic** | State: | **DELAWARE** |

**REGISTERED AGENT INFORMATION**

| | | | |
|---|---|---|---|
| Name: | **HARVARD BUSINESS SERVICES, INC.** | | |
| Address: | **16192 COASTAL HWY** | | |
| City: | **LEWES** | County: | **Sussex** |
| State: | **DE** | Postal Code: | **19958** |
| Phone: | **302-645-7400** | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like ○ Status  ○ Status,Tax & History Information

[ Submit ]

[ View Search Results ]            [ New Entity Search ]

For help on a particular field click on the Field Tag to take you to the help area.

site map | privacy | about this site | contact us | translate | delaware.gov

| **Summons** | CIVIL DOCKET NO. | **Trial Court of Massachusetts** |
| | 2484CV00798 G | **The Superior Court** |

| CASE NAME: | | | John E. Powers III | Acting Clerk of Courts |
| Vincent Lawrence | | | Suffolk | County |
| | | Plaintiff(s) | COURT NAME & ADDRESS: |
| VS. | | | Suffolk Superior Civil Court |
| | | | Three Pemberton Square |
| | | | Boston, MA. 02108 |
| Clearone Advantage LLC | | Defendant(s) | |

THIS SUMMONS IS DIRECTED TO ___Kalm Finanial Inc___ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the ___ Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

*2024 APR 10*

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your **signed original** response with the Clerk's Office for Civil Business, Suffolk Superior Court 3 Pemberton Square Boston MA 02108 (address), by mail, in person, or electronically through the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

b) Delivering or mailing **a copy** of your response to the Plaintiff's attorney/Plaintiff at the following address: Vincent Lawrence 111 Atlantic Avenue Apt 2 Boston MA 02110

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

**3. (cont.)** Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure**. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. _Michael D. Ricciuti_ , Chief Justice on _____ , 20____ . (Seal)

Acting Clerk

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _03/28/24_ , I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

I mailed a copy of the Complaint, Summons, and Cover sheet to the defendant Kalm Financial LLC. Registered agent address at 16192 Coastal HWY. Lewes, DE 19958. By USPS Certified Return Receipt # 9589 0710 5270 0386 7201 55 it was received on April 1, 2024

Dated: _April 10, 2024_                    Signature: _Vincent Lawrence_

**N.B.  TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date: April 1, 2024

SCCV 2024: 0798

# Affidavit

## State of Massachusetts
## County of Suffolk

SUFFOLK SUPERIOR COURT
CIVIL CLERKS OFFICE

2024 APR 10  P 12: 24

JOHN F POWERS III
ACTING CLERK MAGISTRATE

I, Vincent Lawrence, being of lawful age, hereby declare under the penalties of

perjury that I have served the defendants a Summons, Complaint, and cover sheet

via the United States Postal Service Return Receipt. These documents were

addressed to the registered agent authorized by law to accept service on behalf of

the defendants.

The package intended for ClearOne Advantage LLC was signed for by Paul Sisofo,

as evidenced by Exhibit 1 attached hereto.

Similarly, the package intended for Kalm Financial LLC was signed for by Allison

Rathmainner, as evidenced by Exhibit 2 attached hereto.

Pursuant to 28 U.S.C. § 1746(2), I, Vincent Lawrence, hereby declare (or certify,
verify or state) under penalty of perjury that the foregoing is true and correct.


Vincent Lawrence

Vincent Lawrence    April 10, 2024

1



USPS TRACKING #

WILMINGTON DE 197

APR 2024 PM 3 L

9590 9402 8604 3244 6898 82

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

SUCV
2024.0792

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

Vincent Lawrence
111 Atlantic Ave #208
Boston. MA 02110

**SENDER:** *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3.

■ Print your name and address on the reverse
so that we can return the card to you.

■ Attach this card to the back of the mailpiece,
or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☑ Agent
 ☐ Address

B. Received by (Printed Name)     C. Date of Deliv

Allison Rathmanier     4/1/24

1. Article Addressed to:

Kalm Financial LLC
16192 Costal Hwy
Lewes, DE 19958

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:   ☐ No

SUCV
2024.
0798



9590 9402 8604 3244 6898 82

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ed Mail
☐ ed Mail Restricted Delivery
  (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restr
   Delivery
☐ Signature Confirmatic
☐ Signature Confirmatic
   Restricted Delivery

2. Article Number (Transfer from service label)

9589 0710 5270 0386 7201 55

PS Form 3811, July 2020 PSN 7530-02-000-9053

Domestic Return Rece

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                          SUPERIOR COURT
                                        CIVIL ACTION NO. 2484CV00798

---

VINCENT LAWRENCE,

        Plaintiff,

v.

KALM FINANCIAL, INC. and
CLEAR ONE ADVANTAGE, LLC,

        Defendants.

---

## STIPULATION OF DISMISSAL WITH PREJUDICE
## AS TO CLEAR ONE ADVANTAGE, LLC

---

NOW COMES Plaintiff Pro Se, VINCENT LAWRENCE, pursuant to Mass. R.

Civ. P. 41(a)(1)(i), and hereby stipulates and agrees to dismiss all claims and this lawsuit

as against the Defendant CLEAR ONE ADVANTAGE, LLC, with prejudice, without costs

or attorneys' fees, and with all rights of appeal waived.

Respectfully submitted,

Plaintiff Pro Se,

*/s/ Vincent Lawrence*
Vincent Lawrence
111 Atlantic Avenue, Apt. 208
Boston, MA 02126
T: 857-225-3862
VLawrence02121@gmail.com

## CERTIFICATE OF SERVICE

I, Vincent Lawrence, hereby certify that on this _____ day of April, 2024, a copy of the foregoing document was served on the following via e-mail or regular U.S. Mail, postage prepaid:


Darleen V. Karaszewski, Esq.
Managing Counsel
Clear One Advantage
3500 Boston Street, Suite 413
Baltimore, MD 21224
T: 410-450-4859

Kalm Financial, Inc.
16191 Coastal Highway
Lewes, DE 19958


*/s/ Vincent Lawrence*_____
Vincent Lawrence

Commonwealth of Massachusetts

SUFFOLK, ss.                                    SUPERIOR COURT

G

CASE NO: 2484CV00798

VINCENT LAWRENCE

      Plaintiff,

v.

ClearOne Advantage LLC . et al.

      Defendant,

kg

## NOTICE OF 14 EXTENSION TO DEFENDANT

I the Plaintiff Vincent Lawrence have given the defendant Kalm Financial Inc. through their

attorney Matthew Pitts , a 14-day extension of time for defendant Kalm Financial LLC.  to respond

to plaintiff Vincent Lawrence's Verified Complaint, originally due on [April 21, 2024]. I the plaintiff

agreed  to extend the deadline for the defendant's response to the Verified Complaint until [May

9, 2024], which is 19 days beyond the original due date to defendant Kalm Financial Inc. through

their attorney Matthew Pitts. Plaintiff respectfully request that the court take notice of the 14 day

extension from Friday April 26, 2024, until May 9, 2024.

Respectfully Submitted,

Vincent Lawrence   /s/ Vincent Lawrence

111 Atlantic Ave, apt 208

Boston, Ma 02126

Vlawrence02121@gmail.com

 857-225-3862

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2024, I electronically filed the foregoing Notice of 14 day

extension until May 9, 2024, for the defendants Kalm Financial Inc. through their attorney

Matthew Pitts request.

Respectfully Submitted,

Vincent Lawrence   /s/ Vincent Lawrence

111 Atlantic Ave, apt 208

Boston, Ma 02126

Vlawrence02121@gmail.com

 857-225-3862

Matthew R. Pitts, Law Partner

PITTS LAW, PLLC

14314 S. Fort Pierce Way

Herriman, UT 84096

(801) 427-2500

matt@pittslawyer.com

*10*

Commonwealth of  Massachusetts

SUFFOLK, ss.                                                        SUPERIOR COURT

                                                             CASE NO: 2484-CV- 00798

VINCENT LAWRENCE

     Plaintiff,

v.

KALM FINANCIAL INC.

CROSS MORTGAGE, LLC

AMEND FINANCE LLC,

TURBO DEBT LLC,

JOHN DOES

JANE DOES

     Defendant,

## **AMENDED VERIFIED COMPLAINT**

1. This is an action for damages brought by an individual consumer for violations of the

   Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), Massachusetts

   Telemarketing Solicitation Act 159 c, (" MGL 159") Massachusetts Unfair and Deceptive

Trade Practices ("MGL 93a"), Massachusetts Telephone Solicitor's Access to the Massachusetts Do Not Call Registry. 201 Mass. Reg. 12.04. and the Massachusetts Wiretapping Statute, G. L. c. 272 s 99.

## PARTIES

2.  Plaintiff ("Vincent Lawrence") is a natural person and is a resident of Suffolk County Massachusetts and lives at 111 Atlantic Avenue Apt 2, Boston, Ma 02120.

3.  Defendant Kalm Financial LLC. is a Delaware Limited Liability Company debt settlement and credit counseling company whose registered agents address is Harvard Business Services, inc. 16192 Coastal Highway Lewes, DE 19958.

4.  Defendant Cross-country Mortgage, LLC (Cross") is a mortgage company located at 2160 Superior Avenue, Cleveland, OH 44114.

5.  Defendant Amend Finance LLC.  is a mortgage company located at 610 East Bell Road Suite 2-360, Phoenix, AZ 85022.

6.  Defendant Turbo Debt LLC. ("Turbo") is a limited liability company out of Delaware with a registered agent named  W/K incorporating Service, Inc. with an address of 3500 S Dupont Highway  Dover Delaware 19901.

7.  Defendants John DOEs whose true identity is not known to the Plaintiff

8.  at this time. Plaintiff represents that this entity can at this time be described as a

9.  Robo caller, Solicitor and Marketer who is associated with the phone numbers 215-268-3027, (215) 613- 4864, (215) 941-5262, (215) 488-7580, (215) 268-3217, (215) 613-

4788, (215) 268-3217, and (610) 938-6974, 857-219-0834, 857-217-0709, 857-219-

0747, 339-444-0188.

10. Defendant Jane DOEs whose true identity is not known to the Plaintiff

11. at this time. Plaintiff represents that this entity can at this time be described as a

12. Robo caller, Solicitor and Marketer who is associated with the phone numbers 215-268-

3027, (215) 613- 4864, (215) 941-5262, (215) 488-7580, (215) 268-3217, (215) 613-

4788, (215) 268-3217, and (610) 938-6974, 857-219-0834, 857-217-0709, 857-219-

0747, 339-444-0188, 339-565-2282

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this action pursuant to  Ma. State Statutes

MGL 93a and  M.G.L., c. 159C as the action arises under the Massachusetts Telephone

Solicitation, 201 Mass. Reg. 12.04. and the Massachusetts Wiretapping Statute, G. L. c.

272 s 99.

14. This Court has personal jurisdiction over Defendants Kalm, Cross, Amend Turbo, John

and or Jane Doe venue is proper in this District because Defendants directs, markets, and

provide their businesses activities to this District, Defendants' unauthorized marketing

scheme was directed by Defendants above to consumers in this District, and they

transact business in Massachusetts and/or contract to supply their goods and service in

Massachusetts.

15. This Court has personal jurisdiction because plaintiff was harmed by defendants in

Suffolk County.

3

## FACTUAL ALLEGATIONS

16. Plaintiff Vincent Lawrence ("Plaintiff") owns a cellular telephone with the number 857-225-3862 registered to it.

17. Plaintiff makes emergency calls from this devise as well as uses it as his home telephone.

18. This phone number was assigned to a cellular telephone service which Plaintiff pays for monthly bill with T-Mobile.

19. Plaintiff registered his two telephone 857-225-3862 and 857-225-3748 on the National and Massachusetts State Do Not Call Registry on November 15, 2023.

20. On November 15, 2023, The Nation Do Not Call Registry then sent me two email informing me that my telephone number 857-225-3748 was registered on November 15, 2023.[1]

21. Also on November 15, 2023, the Federl Trade Commission ("FTC")  also sent an email that stated "Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 3862 on April 01, 2011. Most telemarketers will be required to stop calling you 31 days from your registration date".

22. Defendants Kalm, Cross, Amend, Turbo, John and Jane Does have caused multiple text messages, Robo Calls, Live calls with an Automatic Telephone Dialing System ("ATDS")

---

[1] 159C Section 7. If the Federal Communications Commission establishes a single national database of telephone numbers of consumers who do not wish to receive unsolicited telephonic sales calls pursuant to 47 U.S.C. section 227 (c)(3), the office shall include that part of such single national database that relates to the commonwealth in the listing established pursuant to this chapter.

4

and pre-recorded messages to be transmitted to Plaintiff's cellular telephone number 857-225-3862 without an emergency purpose or any kind of consent.

23. Defendants' Kalm, Cross, Amend, Turbo, John and or Jane Does generates new customers by sending text, Robo calls and live calls with an Automatic Telephone Dialing System and prerecorded artificial messages.

24. Defendants Kalm, Cross, Turbo, John and Jane Does illegally recorded me without mu consent or my permission.

### Massachusetts is a Two-Party Consent State

25. Massachusetts is a two-party consent state that requires the consent of any individual whose voice is being recorded.

26. Recording another individual's words without the individual's knowledge or consent is a felony in Massachusetts.

27. The Massachusetts Wiretapping Statute, G. L. c. 272 s 99, makes it illegal to:
secretly hear, secretly record, start the recording without getting the parties consent to record or aid another to secretly hear or secretly record the contents of any wire or oral communication through the use of any intercepting device by any person other than a person given prior authority by all parties to such communication.

28. Defendants Kalm, Cross, Amend,  Turbo, John and or Jane Does deliberately falsifies or authorized the information transmitted to my caller ID to display a local telephone number to disguise their identity.

29. The FTC calls this Spoofing " Spoofing is when a caller deliberately falsifies the information transmitted to your caller ID display to disguise their identity. Scammers

5

often use neighbor spoofing so it appears that an incoming call is coming from a local number, or spoof a number from a company or a government agency that you may already know and trust".

30. Defendants Kalm, Cross, Amend, Turbo, John and or Jane Does called me from several telephone numbers including causing my caller I.D to display several number including 215-268-3027, (215) 613- 4864, (215) 941-5262, (215) 488-7580, (215) 268-3217, (215) 613- 4788, (215) 268-3217, and (610) 938-6974, 857-219-0834, 857-217-0709, 857-219-0747, 339-444-0188. 215-613-4864 ,

31. Defendants Kalm, Cross, Amend, Turbo, John and or Jane Does employed or authorized to be employed the use of an ATDS, hardware and/or software with the capacity to use a random or sequential number generator to either store or produce phone numbers to be called to plaintiffs' number that on the Federal & State DNCR.[2]

32. Defendants Kalm, Cross, Turbo, Amend, John and or Jane Does intentionally caused and used a blocking device or service to circumvent the plaintiffs use of a call identification service or device. This is contrary to the TCPA, M. G. L. c. 159C, § 4. And G.L.C 93 a.

33. The purpose of Defendants' Kalm, Cross, Amend, Turbo, John and or Jane Does, calls, text messages and prerecorded calls to plaintiff cellular telephone was to advertise, promote, and/or market and/or to solicit the sale of their consumer goods and or services.

---

[2] See *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1173 (2021).

34. Plaintiff has never had an Established Business Relationship with defendants Kalm, Cross, Amend, Turbo, John or Jane Does to place any calls to his personal cellular telephone.

35. When plaintiff answered these calls he would here a pause and then a click and then the robo messages would start or a live agent would come on the phone and it sounded like they were in a call center.

36. Plaintiff would sometimes states verbally stop calling this phone and add me to your internal do not call list and send me a copy to my address 111 Atlantic Avenue Boston, Ma but the voice would keep talking or the live agent ignored me and placed more calls.

37. Defendant Kalm, Cross, Amend, Turbo, John and or Jane Does willfully placed or authorized these auto-dialed and or prerecorded calls and voice messages to Plaintiff cellular telephone without Plaintiffs express or written consent or an emergency purpose.

38. Defendants Kalm, Cross, Amend, Turbo, John and or Jane Does repetitive, incessant calls have caused Plaintiff emotional harm and distress, embarrassment, aggravation, discomfort, and other losses.

39. The ongoing calls from defendants Kalm, Cross, Amend, Turbo, John and or Jane Does are harassing and abusive and invaded plaintiffs privacy.

40. Defendants Kalm, Turbo called me to sell me debt settlements services.

41. Defendants Cross and Amend, called me to sell me Mortgage services.

### Defendant Kalm Financial LLC Calls

42. Defendant Kalm has used an ATDS to call and to text my cellular telephone from at least 20 different numbers. See Below

7

43. When the defendants called me from Kalm Financial Inc. a gentlemen with an accent stated his name was Hubert and he stated he got my number when Kalm conducted a research program.

44. Defendant Kalm Financial Inc. have caused at least Six Prerecorded Artificial Voice Messages to be transmitted to Plaintiff's cellular telephone number, 857-225-3862.

45. The defendant Kalm called me with prerecorded messages that stated *" Hi, we are calling from call Financial. We're here to assist you with your debt and financial recovery. Please call us at 8448022274. That's 844-802-2274 to begin. Thank you and have a great day"* trying to sell me debt relief services.

46. The defendant Kalm agent stated I could call him back on 2152683027 or  844-8022274 on an extension of 118, I never gave him consent at all on the call he said the call was being recorded.

Feb 22, 2024, 10: 44 AM IN (215) 268-3027

Feb 26, 2024, 11:35 AM IN (215) 613- 4864

Feb 27, 2024,  9:59 AM IN (215) 941-5262

March 12, 2024,  3:24 PM IN (215) 268-3027

March 10, 2024,  9:06 AM IN (215) 488-7580

March 13, 2024,  8:06 AM IN (215) 268-3217

Mar 13, 2024, 11:07 am  (617)-446-9031

Mar 5, 2024, at 9:40 AM (484)-251-4734

**KALM TEXT MESSAGES**

8

47. Defendant Kalm Financial Inc. have caused at least Eight text messages, all of the Text

messages was transmitted to Plaintiff's cellular telephone number below to Plaintiff

cellular telephone number without Consent or an emergency purpose to 857-225-3862

on:

Feb 27, 2024,  6:59 AM IN (215) 613- 4788

Feb 23, 2024,  6:18 AM IN (215) 268-3217

Feb 23, 2024,  9:18 AM IN (215) 268-3217

Feb 23, 2024,  11:06 AM IN (215) 268-3217

Feb 29, 2024,  3:19 PM IN (610) 938-6974







  

48. The district has found that Pre-recorded calls without consent or for an emergency purpose is a violation of the TCPA.[3]

49. Defendants Kalm left at least Nine Artificial Pre-recorded messages on Plaintiffs cellular telephone without consent, Established Business Relationship or for an emergency purpose.

50. The TCPA statute and the FCC Regulations by its terms exempts only calls made for emergency purposes and calls made with the prior express consent of the called party, 47 U.S.C. § 227(b)(1)(A)(iii), and the prohibition is not limited to telephone solicitations. See In re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991, 30 FCC Rcd. 7961, 8022-23 (2015) (noting that "the TCPA contains unique protections for wireless consumers because autodialed and prerecorded calls are increasingly intrusive in the wireless context, . . . [and] the intrusion on the consumer's privacy from unwanted calls

---

[3] 227(b)(1)(A)(iii) of the TCPA, which broadly prohibits "*any* person" from using "any [ATDS1] or an artificial or prerecorded voice" to make "*any* call (other than a call made for emergency purposes or made with the prior express consent of the called party) . . . to *any* telephone number assigned to a . . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii)

may actually be greater with wireless than wireline calls, where the calls are received on a phone that the consumer may carry at all times".[4]

### DEFENDANT CROSS CALLS

51. Defendant Cross called my cellular telephone more than one and or two times within a 12 month period.

52. Defendant Cross called me on February 19th, 20th,  21st 23rd, and the 26th, 2024 and other dates without an emergency purpose or express or written consent.



---

[4] Elements of a TCPA claim under 227(b)(1)(A)(iii) are: **(1)** the defendant used an ATDS or artificial or prerecorded voice, (2) to call a telephone number assigned to a cellular service or service for which the called party is charged for the call); further, a consumer who has provided express consent to receive autodialed or prerecorded/artificial voice calls may revoke that consent. See In re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991, 30 FCC Rcd. 7961, 7966 (July 10, 2015) ("Consumers have a right to revoke consent, using any reasonable method including orally or in writing").

**DEFENDANT AMEND CALLS**

53. Defendant Amend called my cellular telephone more than one and or two times within a

    12 month period.

54. Defendant Amend called my cellular telephone on several occasions from 339-565-2282

    ,without my consent or for an emergency purpose.

55. Defendant Amend called me on April 29, 2024, at 5:10 PM, April 27, at 5:10 , PM, April

    25, at 12:54 PM. April 13, 2024 1:55 PM,  my caller I.D Displayed 339-565-2282. See

    Below





**DEFENDANT CROSS CALLS**

56. Defendant Turbo called me over 34 times for marketing and solicitation purposes, from

    several different numbers, without consent or an emergency purpose see below.

57. Defendants have caused multiple calls to be transmitted to Plaintiff's cellular telephone.



























<u>COUNT I</u>

Violations of the Telephone Consumer Protection Act,

**47 U.S.C. §227(b)(1)(A)-on behalf of Plaintiff**

**DEFENDANTS KALM, AMEND, CROSS & TURBO, JOHN AND JANE DOE**

58. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

59. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the Plaintiff's cellular telephone number using an ATDS and/or artificial or prerecorded voice.

60. As a result of the acts of Defendants (and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf) in violation of the TCPA, 47 U.S.C. § 227, Plaintiff presumptively is entitled to an award of $500 in damages for each and every call made to his cellular telephone number using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

61. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

62. Defendants' violations were willful and/or knowing.

63. As a result of Defendants' knowing or willful conduct, Plaintiff is entitled to an award of $1,500.00 in statutory damages per each violation of 47 U.S.C. §227(b)(1)(A).

16

## COUNT II

### Violation of the TCPA's DNC provisions

### DEFENDANTS KALM, CROSS , AMEND, TURBO, JOHN AND JANE DOE

64. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

65. Defendants violated the TCPA by (a) initiating telephone solicitations to persons and entities whose telephone numbers were listed on the Do Not Call Registry, or (b) by the fact that others made those calls on its behalf. *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

66. Defendants' violations were willful and/or knowing.

67. As a result of Defendants' violations of the TCPA, 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of up to $500 in damages for each call made in violation of this section. The Court may award up to $1,500 if the violation was found to be "willful or knowing."

68. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendants Best and Falls and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making calls advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry.

69. As a result of Defendants' knowing or willful conduct, Plaintiff is entitled to an award of $1,500.00 in statutory damages per each violation of the 47 U.S.C. § 227(c)(5).

## COUNT III

### (Violation of the MTSA )

### DEFENDANTS KALM, CROSS, AMEND, TURBO, JOHN AND JANE DOE

70. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

71. Defendants made unsolicited telephonic sales calls to Plaintiff.

72. Defendants made these calls to Plaintiff without express written consent or permission, in violation of M.G.L., c. 159C, § 1.

73. Defendants falsified and displaced caller identification, in violation of M.G.L., c. 159C, § 4 (and 201 C.M.R. § 12.02(5).

74. Defendants failed to register with the Office, in violation of 201 C.M.R., § 12.04. Telephone solicitors making calls to Massachusetts consumers are required "to properly register on an annual basis with the Office."

75. Defendants have failed to satisfy a basic, threshold requirement for conducting telephone solicitations in Massachusetts, that telephone solicitors must "have an approved registration prior to soliciting any Massachusetts consumers." 201 C.M.R., § 12.04(3).

76. Defendants have also failed to comply with the requirement of 201 C.M.R. § 12.04(3) that they keep and consult the latest version of the Massachusetts do-not-call registry.

77. As a result of this conduct, Defendants have violated the MTSA, and they are liable to Plaintiff for damages, including actual damages or statutory damages of up to $5,000 for each MTSA violation, whichever is greater.

**COUNT IV**

**(Violation of the MTSA Do Not Call Provisions)**

**DEFENDANTS KALM, CROSS, AMEND, TURBO, JOHN AND JANE DOE**

78. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

79. Defendants made unsolicited telephonic sales calls and text to Plaintiff when Plaintiff was registered with the Massachusetts do-not-call registry, in violation of M.G.L., c. 159C, § 3 (and 201 C.M.R. § 12.02(1)).

80. As a result of this conduct, Defendants knowingly and willfully have violated the MTSA, and they are liable to Plaintiff for damages, including actual damages or statutory damages of up to $5,000 per violation, whichever is greater.

**COUNT V**
**VIOLATION OF THE MASSACHUSETTS UNFAIR AND DECEPTIVE**
**TRADE PRACTICES ACT M.G.L.c 93A**
**DEFENDANTS KALM, CROSS,AMEND, TURBO, JOHN AND JANE DOE**

81. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

82. Defendants have failed to satisfy a basic threshold requirement for conducting telephone solicitations in Massachusetts, that telephone solicitors must "have an approved registration prior to soliciting any Massachusetts consumers." 201 C.M.R., § 12.04(3).

83. Defendants nor their agents were registered with the Massachusetts Office of Consumers affairs and Business Regulation (the "Office") as a Telephone Solicitor which is a contrary to 201 C.M.R. § 12.04. and M.G.L. 93 A.

84. Defendants failed to Register as a Massachusetts telemarketer as is required by 201 C.M.R. § 12.04. Telephone solicitors engaging in unsolicited telephonic sales text (calls)

to Massachusetts consumers are required to "properly register on an annual basis with the Office" which is contrary to MGL 93 A.

85. Defendants text (called) plaintiff telephone number after 9pm eastern standard time which is a violation of the Telephone Consumer Practices Act, Massachusetts Telemarketing Solicitation Act 159C and 201 C.M.R., § 12.04(3) which is contrary to M.G.L. 93 A.

## INJUNCTIVE RELIEF

## DEFENDANTS KALM, CROSS, AMEND, TURBO, JOHN AND JANE DOE

86. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227, by text (calls), except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future

87. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

88. An injunction requiring Defendants to comply with 47 U.S.C. § 227(b)(3) and (c)(5). 201 C.M.R., § 12.04(3), MGL 93A, 47 C.F.R. § 64.1200(d) by (1) maintaining the required written policies; (2) providing training to their personnel engaged in telemarketing; and (3) maintaining a do-not-call list (4) To make any more calls or text messages without Consent.

## PRAYERS FOR RELIEF SOUGHT

WHEREFORE, Plaintiff requests the following relief from defendants Kalm, Cross and Turbo:

89. Injunctive relief prohibiting Defendants from calling ANY telephone numbers advertising their goods or services, except for emergency purposes, to ANY number on the National or State Do Not Call Registry using an ATDS and/or artificial or prerecorded voice in the future.

90. Because of Defendant's violations of the TCPA, Plaintiff should be awarded $500 in damages for each violation or—where such regulations were willfully or knowingly violated—up to $1,500 per violation, pursuant to  47 U.S.C. § 227(b)(3) and (c)(5).

91. Because of Defendants violations of M.G.L., c. 159C by engaging in and causing a pattern or practice of initiating telephone solicitations to Plaintiff's cellular phone without Plaintiff's express written consent on at least five (5) occasions, knowingly and willfully, Plaintiff seeks $5000 in damages for each violation of the act.

92. Because of Defendants' violations of the Massachusetts and TCPA Do Not Call Registry, and 47 U.S.C. § 64.1200(c)(2), 47 U.S.C. § 64.1200(c)(5), 47 U.S.C. §227(b)(1)(A), Plaintiff seeks damages of up to $500.00 per violation, and the court to find the calls where willful $1500 per violation.

93. An injunction requiring Defendants to comply with 47 U.S.C. § 227(b)(3) and (c)(5). 201 C.M.R., § 12.04(3), MGL 93A, 47 C.F.R. § 64.1200(d) by (1) maintaining the required written policies; (2) providing training to their personnel engaged in telemarketing; and (3) maintaining a do-not-call list.

94. Award plaintiff double or treble damages under the M.G.L 93a statute for not being registered with the Massachusetts Office of Consumers affairs and Business Regulation (the "Office") as a Telephone Solicitor before texting (Calling) Massachusetts residents under 201 C.M.R. § 12.04.

95. Award Plaintiff Punitive damages and reasonable attorney's fees pursuant to M.G.L., c. 159C. and MGL 93a.

96. An order declaring that Defendants' actions, as set out above, violated the Telephone Consumer Practices Act, Massachusetts Telemarketers Solicitation Act 159 c and the Massachusetts Unfair and Deceptive Trade Practices Act MGL 93a.

97. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff request a jury trial as to all claims of the complaint so triable.

Respectfully submitted,                    May 2, 2024

Vincent Lawrence          *Vincent Lawrence*

111 Atlantic Avenue Apt 2

Boston, Ma 02126

Vlawrence02121@gmail.com

857-225-3862

## VERIFIED LAWSUIT

I Vincent Lawrence is the Plaintiff in this civil proceeding before this court. I am over the age of 21 , I verify that I have personal knowledge of the facts stated above and hereby swear under pains and penalties of perjury that all of those facts are true and accurate.

Under the law, specifically 28 U.S.C. § 1746(2), I, Vincent Lawrence, am declaring under penalty of perjury that everything stated in this Verified Complaint is true and accurate to the best of my knowledge. I have firsthand knowledge and can testify in court about the information provided herein.

Respectfully submitted,                                    May 2, 2024

Vincent Lawrence     *Vincent Lawrence*

111 Atlantic Avenue Apt 2

Boston, Ma 02126

Vlawrence02121@gmail.com

857-225-3862

11

Commonwealth of Massachusetts

SUFFOLK, ss.                                    SUPERIOR COURT

CASE NO: 2484-CV- 00798

VINCENT LAWRENCE
        Plaintiff,

v.

KALM FINANCIAL INC.

CROSS MORTGAGE, LLC

AMEND FINANCE LLC,

TURBO DEBT LLC,

JOHN DOES

JANE DOES

        Defendant,

JOINT STIPULATION OF DISMISSAL WITH PREJUDICE

The Plaintiff Vincent Lawrence (Plaintiff) hereby stipulate to the dismissal with prejudice

of the Plaintiff's Verified Amended Complaint against defendant Kalm Financial LLC. Each party

JUDGMENT entered on docket pursuant to Mass R Civ P 58(a)
as amended and notice sent to parties pursuant to Mass R Civ P 77(d)

1

shall bear its own costs and there shall be no right of appeal from judgment entered in

accordance with this Stipulation of Dismissal.

Respectfully submitted,                    May 10, 2024


Vincent Lawrence   /s/ Vincent Lawrence

111 Atlantic Avenue Apt 2

Boston, Ma 02126

Vlawrence02121@gmail.com

857-225-3862

**CERTIFICATE OF SERVICE**

I solemnly swear that I have sent the defendant's Kalm Financial LLC. counsel of record

Matthew R. Pitts, Law   a copy of the Motion to dismiss with prejudice attached, on this

10th  day of May2024 by electronic mail to email.

Respectfully submitted,                          May 10, 2024

Vincent Lawrence  /s/ Vincent Lawrence

111 Atlantic Avenue Apt 2

Boston, Ma 02126

Vlawrence02121@gmail.com

857-225-3862

Matthew R. Pitts, Law    /s/ Mathew R. Pitts

PITTS LAW, PLLC

14314 S. Fort Pierce Way

Herriman, UT 84096

(801) 427-2500

| **Summons** | CIVIL DOCKET NO. 2024. 0798 | **Trial Court of Massachusetts** **The Superior Court** |
|---|---|---|

CASE NAME:
Vincent Lawrence

Plaintiff(s)

vs.

Kalm Finanial LLC

Defendant(s)

John E. Powers III — Acting Clerk of Courts

Suffolk — County

COURT NAME & ADDRESS:
Suffolk Superior Civil Court
Three Pemberton Square
Boston, MA. 02108

THIS SUMMONS IS DIRECTED TO **Turbo Debt LLC** (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the Suffolk Superior Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your **signed original** response with the Clerk's Office for Civil Business, Suffolk Superior Court 3 Pemberton Square, Boston, MA 02108 (address), by mail, in person, or electronically through the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

b) Delivering or mailing **a copy** of your response to the Plaintiff's attorney/Plaintiff at the following address:
Vincent Lawrence 111 Atlantic Ave, Apt 208 Boston MA 02110

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

**3. (cont.)** Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure**. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. _Michael D. Ricciuti_ , Chief Justice on _____ , 20____ . (Seal)

Acting Clerk

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _May 9, 2024_ , I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_I Vincent Lawrence did serve the Defendant respectfully by US Postal Certified mail._

Dated: _May 16, 2024_

Signature: _Vincent Lawrence_

**N.B.   TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

Date: _May 9, 2024_



**UNITED STATES POSTAL SERVICE**

May 16, 2024

Dear Vincent Lawrence:

The following is in response to your request for proof of delivery on your item with the tracking number:
**EJ21 5526 513U S**.

## Item Details

| | |
|---|---|
| **Status:** | Delivered, Individual Picked Up at Postal Facility |
| **Status Date / Time:** | May 9, 2024, 2:42 pm |
| **Location:** | DOVER, DE 19901 |
| **Postal Product:** | Priority Mail Express 1-Day® |
| **Extra Services:** | PO to Addressee |
| | Up to $100 insurance included |
| **Actual Recipient Name:** | P MAC |

Note: Actual Recipient Name may vary if the intended recipient is not available at the time of delivery.

## Shipment Details

| | |
|---|---|
| **Weight:** | 6.0oz |

## Recipient Signature

| | |
|---|---|
| Signature of Recipient: | |
| Address of Recipient: | |

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

| **Summons** | CIVIL DOCKET NO.<br><br>2484 - CV - 00798 | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|

| CASE NAME:<br>Vincent Lawrence<br><br><br>vs.<br><br>Plaintiff(s)<br><br><br>Kalm Finanial LLC          Defendant(s) | John E. Powers III          Acting<br>                                          Clerk of Courts<br>Suffolk                    County<br><br>COURT NAME & ADDRESS:<br>Suffolk Superior Civil Court<br>Three Pemberton Square<br>Boston, MA. 02108 |
|---|---|

THIS SUMMONS IS DIRECTED TO  Cross Mortgage LLC _____ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the Suffolk Superior Court.
3 Pemberton Square   **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**
Boston, MA 02108

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your **signed original** response with the Clerk's Office for Civil Business, Suffolk Superior Court
3 Pemberton Square Boston, MA 02108
(address), by mail, in person, or electronically through

the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

b) Delivering or mailing **a copy** of your response to the Plaintiff's attorney/Plaintiff at the following address:
Vincent Lawrence  III Atlantic Ave Boston, MA 02110

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

**3. (cont.)** Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure**. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. _Michael D. Ricciuti_ , Chief Justice on _____ , 20____ . (Seal)

Acting Clerk

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _May 8, 2024_ , I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

I Vincent Lawrence did serve the Defendant respectfully by US Postal Certified Mail.

Dated: _May 16, 2024_          Signature: _Vincent Lawrence_

**N.B.   TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

Date: May 8, 2024

 **UNITED STATES**
**POSTAL SERVICE**

May 16, 2024

Dear vincent Lawrence:

The following is in response to your request for proof of delivery on your item with the tracking number:
**EE43 5890 802U S**.

## Item Details

| | |
|---|---|
| **Status:** | Delivered, Front Desk/Reception/Mail Room |
| **Status Date / Time:** | May 8, 2024, 12:38 pm |
| **Location:** | CLEVELAND, OH 44114 |
| **Postal Product:** | Priority Mail Express 1-Day® |
| **Extra Services:** | PO to Addressee |
| | Up to $100 insurance included |
| **Actual Recipient Name:** | WAIVED |

Note: Actual Recipient Name may vary if the intended recipient is not available at the time of delivery.

## Shipment Details

| | |
|---|---|
| **Weight:** | 6.0oz |

## Recipient Signature

The recipient's signature is not available because the waiver of signature that you authorized was exercised at the time of delivery.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

| **Summons** | CIVIL DOCKET NO.<br>2484-CV-00798 | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|

CASE NAME:

Vincent Lawrence

Plaintiff(s)

VS.

Kalm Finanial LLC

Defendant(s)

John E. Powers III — Acting Clerk of Courts

Suffolk — County

COURT NAME & ADDRESS:
Suffolk Superior Civil Court
Three Pemberton Square
Boston, MA. 02108

---

THIS SUMMONS IS DIRECTED TO  Amend Finance LLC  (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the Suffolk Superior Court.

<strong>YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.</strong>

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your **signed original** response with the Clerk's Office for Civil Business, Suffolk Superior Court
3 Pemberton Square Boston MA 02108 (address), by mail, in person, or electronically through the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

b) Delivering or mailing **a copy** of your response to the Plaintiff's attorney/Plaintiff at the following address:
Vincent Lawrence III Atlantic Ave Boston, MA 02110

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

**3. (cont.)** Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure**. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon.  Michael D. Ricciuti        , Chief Justice on _____ , 20____ . (Seal)

Acting Clerk

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

## PROOF OF SERVICE OF PROCESS

I hereby certify that on May 8, 2024 , I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

I Vincent Lawrence did serve the Defendant respectfully by US Postal Certified Mail.

Dated: May 16, 2024

Signature: Vincent Lawrence

**N.B.   TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

Date: May 8, 2024


**UNITED STATES POSTAL SERVICE**

May 16, 2024

Dear Vincent Lawrence:

The following is in response to your request for proof of delivery on your item with the tracking number:
**EE43 5890 793U S**.

## Item Details

| | |
|---|---|
| **Status:** | Delivered, Left with Individual |
| **Status Date / Time:** | May 8, 2024, 12:33 pm |
| **Location:** | SAN DIEGO, CA 92101 |
| **Postal Product:** | Priority Mail Express 1-Day® |
| **Extra Services:** | PO to Addressee |
| | Up to $100 insurance included |
| **Actual Recipient Name:** | V HERNANDEZ |

Note: Actual Recipient Name may vary if the intended recipient is not available at the time of delivery.

## Shipment Details

**Weight:** 6.0oz

## Recipient Signature

Signature of Recipient: _Victor Hernandez_

Address of Recipient: _402 W. Broadway #400_

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

**CERTIFICATE OF SERVICE**

I, Vincent Lawrence do hereby certify that on May 28, 2024, I served copies of the foregoing

document on all parties by first class mail, postage prepaid, and electronic mail, as follows:


Christopher P. Meier, Esq.

Greenspoon Marder LLP

100 West Cypress Creek Rd, Suite 700

Ft. Lauderdale, FL 33309

Direct Phone Number: 954.734.1836

Cell Phone: 954.471.8032

christopher.meier@gmlaw.com


Vincent Lawrence   /s/ Vincent Lawrence                    May 28, 2024

111 Atlantic Avenue Apt 208

Boston, Ma 02126

Vlawrence02121@gmail.com

857-225-3862

SR

Commonwealth of  Massachusetts

SUFFOLK, ss.                                      SUPERIOR COURT

                                                 CASE NO: 2484-CV- 00798

VINCENT LAWRENCE
            Plaintiff,

v.

KALM FINANCIAL INC. et al.


            Defendant,


**JOINT STIPULATION TO EXTEND DEADLINE**

**COMES NOW** the Plaintiff, Vincent Lawrence, and the Defendant, Turbo Debt LLC, by and

through its attorneys Christopher P. Meier,, and hereby jointly stipulate and notice the court that

we have agree to as follows regarding responding to plaintiffs First Amended Verified

Complaint:

1.  The parties agree to extend the deadline for the Defendant Turbo Debt LLC. to respond to

    the Plaintiff's Verified Amended Complaint from May 28, 2024, to June 11, 2024

    (fourteen [14] days). This Notice is only for defendant Turbo Debt LLC

2.  The requested extension will not affect the discovery deadline and will have a minimal

    impact on the overall case schedule. Defendant Turbo Debt LLC. requires additional time

1

to review Plaintiff's Complaint, investigate the underlying allegations, the extension will also allow the parties to assess the potential of an early resolution. Defendant does not seek this extension for purposes of delay only.

**WHEREFORE,** the parties respectfully request that this Court enter an Order in accordance with the terms of this Stipulation.


Respectfully submitted,                                        May 28, 2024


Vincent Lawrence  /s/ Vincent Lawrence

111 Atlantic Avenue Apt 2

Boston, Ma 02126

Vlawrence02121@gmail.com

857-225-3862


Christopher P. Meier, Esq.

Greenspoon Marder LLP

100 West Cypress Creek Rd, Suite 700

Ft. Lauderdale, FL 33309

Direct Phone Number: 954.734.1836

Cell Phone: 954.471.8032

christopher.meier@gmlaw.com