UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

VINCENT LAWRENCE,

      Plaintiff,

                                    Civil Action No. 1:24-cv-11493- ADB

v.

KALM FINANCIAL INC. ET AL

      Defendant.

FILED
IN CLERKS OFFICE
2024 JUL 17 AM 9: 17
U.S. DISTRICT COURT
DISTRICT OF MASS.

**PLAINTIFF SECOND VERIFIED AMENDED COMPLAINT**

1. This is an action for damages brought by an individual consumer for violations of the

   Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), Massachusetts

   Telemarketing Solicitation Act 159 c, (" MGL 159") Massachusetts Unfair and Deceptive

   Trade Practices ("MGL 93a"), Massachusetts Telephone Solicitor's Access to the

   Massachusetts Do Not Call Registry. 201 Mass. Reg. 12.04.


**PARTIES**

2. Plaintiff ("Vincent Lawrence") is a natural person and is a resident of Suffolk County

   Massachusetts and lives at 111 Atlantic Avenue Apt 2, Boston, Ma 02120.

3. Defendant Cross-country Mortgage, LLC (Cross") is a mortgage company located at

   2160 Superior Avenue, Cleveland, OH 44114.

4. Defendant Amend Finance LLC. is a mortgage company located at 610 East Bell Road Suite 2-360, Phoenix, AZ 85022.

5. Defendant Turbo Debt LLC. ("Turbo") is a limited liability company out of Delaware with a registered agent named W /K incorporating Service, Inc. with an address of 3500 S Dupont Highway Dover Delaware 19901.

## JURISDICTION AND VENUE

6. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, et seq. ("TCPA"). [1]

7. The Court has federal question subject matter jurisdiction over these TCPA claims. Mims v. Arrow Financial Services, LLC, 132 S. Ct. 740 (2012).

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District as the telemarketing calls at issue that gave rise to the Plaintiff's claims were made into this District.

## PRELIMINARY STATEMENT

9. Plaintiff Vincent Lawrence ("Plaintiff") brings this action to enforce the consumer-privacy provisions of the Massachusetts Telephone Solicitation Act, M.G.L., c. 159C, (the "MTSA"), the Telephone Consumer Protection Act, ("TCPA") 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2) (the "TCPA") a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. See Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 745 (2012).

---

[1] On January 18, 2012, the Supreme Court decided Mims v. Arrow Financial Services, LLC, No. 10-1195, holding that private suits to enforce the Telephone Consumer Protection Act ("TCPA") may be brought in both federal and state courts, not just state courts.

10. Defendants Turbo, Cross, Amend and or their agents placed calls to the plaintiff Vincent Lawrence cell phone which is used as plaintiff residential telephone line.

11. Defendants Turbo, Cross, Amend and or their agents use an Automatic Telephone Dialing system to place calls to plaintiffs cell phone without prior consent and not for an emergency purposes.

12. Defendants Turbo, Cross, Amend and or their agents placed the calls to the plaintiff in an attempt to sell their Cross services and goods to plaintiff in Massachusetts without being registered and required be the Massachusetts Office of Consumer Affairs and Business Regulation (the "Office") and by 201 C.M.R. § 12.04.

13. Defendants Turbo, Cross, Amend and or their agents placed calls to Plaintiff while I was registered on the National and Massachusetts State Do Not Call registry for 32 days.

14. Defendants Turbo, Cross, Amend and or their agents Calls place more than 3 calls within a 12 month period to plaintiffs cellular phone without consent or an emergency purpose.

15. Defendants Turbo, Cross, Amend and or their agents promotes their goods and services by engaging in unsolicited calls without plaintiffs express written consent which is contrary to 47 U.S.C. § 64.1200(c)(2) and M.G.L., c. 159C,

16. Defendants' Turbo, Cross and Amend do not (1) maintain written policies and procedures regarding their text messaging marketing; (2) provide training to their personnel engaged in telemarketing; and/or (3) maintain a standalone do-not-call list.

17. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

18. [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service".[] See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C. Rcd. 1830, 1844 (2012). [2]

19. Through this action, Plaintiff seeks injunctive relief to halt Defendants Turbo, Cross, Amend and or their agents illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of Plaintiff.

## PARTIES

20. Plaintiff Vincent Lawrence ("Plaintiff") is a natural person and is a resident of Suffolk County Massachusetts and lives at 111 Atlantic Avenue Apt 2, Boston, Ma 02120.

21. Defendant Turbo Debt LLC. ("Turbo") is a limited liability company out of Delaware with a registered agent named W /K incorporating Service, Inc. with an address of 3500 S Dupont Highway Dover Delaware 19901.

22. Defendant Cross-country Mortgage, LLC (Cross") is a mortgage company located at 2160 Superior Avenue, Cleveland, OH 44114.

23. Defendant Amend Finance LLC. is a mortgage company located at 610 East Bell Road

---

[2] under the TCPA's implementing regulations, express "written consent" is required for a call "that includes or introduces an advertisement or constitutes telemarketing" to a cell phone. 47 C.F.R. § 64.1200(a)(2).

Suite 2-360, Phoenix, AZ 85022.

24. Defendants John Doe and Jane Doe whose true identity is not known to the Plaintiff at this time. Plaintiff represents that this entity can at this time be described as a Robo caller, Solicitor and Marketer who is associated with the defendants Turbo, Cross and Amend.

## FACTUAL ALLEGATIONS

25. Plaintiff Vincent Lawrence ("Plaintiff") owns a cellular telephone with the number 857-225-3862 registered to it.

26. Plaintiff makes emergency calls from this devise as well as uses it as his home telephone.

27. This phone number 857-225-3862 was assigned to a cellular telephone service which Plaintiff pays for monthly bill with T-Mobile.

28. Plaintiff registered his two telephone 857-225-3862 and 857-225-3748 on the National and Massachusetts State Do Not Call Registry on or about November 15, 2023.

29. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39). 35. Plaintiff telephone number, (857)- 225-3862 is assigned to a cellular telephone service.

30. Plaintiff placed his number on the National and Massachusetts Do Not Call List on November 15, 2023.

31. On or about November 15, 2023, The Nation Do Not Call Registry then sent me the plaintiff two email informing me that my telephone number 857-225-3748 was registered on November 15, 2023.[3]

---

[3] MGL c. 159C Section 7. If the Federal Communications Commission establishes a single national database of telephone numbers of consumers who do not wish to receive unsolicited

32. Also on November 15, 2023, the Federl Trade Commission ("FTC") also sent Plaintiff an email that stated "Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 3862 on April 01, 2011. Most telemarketers will be required to stop calling you 31 days from your registration date".

33. Defendant Turbo, Cross, Amend, John Doe, Jane Doe and or defendants agents placed two or more telemarketing solicitation calls in a 12-month period when the telephone number to which the telephone calls were made was on the National and State Do-Not Call Registry at the time of the calls.

34. The calls to Plaintiff also are contrary to the TCPA because Defendant Turbo and or their agents  (a) failed to have procedures to maintain an internal do not call list (b) Defendant's agents, failed to properly identify themselves in all three of the automated voice calls to the Plaintiff.(c) Defendant Turbos agents failed to get my consent to record the call.

35. Defendants Turbo, Cross, Amend John Doe, Jane Doe and or their agents wasn't registered as a Telemarketer in Massachusetts with the Massachusetts Office of Consumer Affairs and Business Regulation (the "Office") before placing calls in Massachusetts.

36. Defendants Turbo, Amend, Cross and or their agents used an Automatic Telephone Dialing system to place the calls to plaintiffs cellular number at issue.

---

telephonic sales calls pursuant to 47 U.S.C. section 227 (c)(3), the office shall include that part of such single national database that relates to the commonwealth in the listing established pursuant to this chapter.

37. Defendants Turbo, Amend, Cross, John Doe, Jane Doe and or their agents used an Automated Telephone Dialing System ("ATDS").This is evidenced by the perceptible delay and clicking sound before defendants Turbo, Amend and Cross agents come on the line.

38. Defendants Turbo, Amend Cross, John Doe, Jane Doe and or their agents is not licensed and registered to engage in telephone solicitation within the state of Massachusetts.

39. There is no evidence Defendant Turbo, Amend Cross and or their agents has complied with Massachusetts state telemarketing laws requiring entities engaged in telemarketing or registered with the Massachusetts Office of Consumer Affairs and Business Regulation (the "Office") as a Telemarketers to make calls in Massachusetts, which is contrary to 201 C.M.R. § 12.04, Telephone Solicitors, MGL c. 159 c, MGL 93A, and the TCPA.

40. Defendants Turbo, Amend Cross John Doe, Jane Doe and or their agents failed to Register as a Massachusetts telemarketer as is required by 201 C.M.R. § 12.04. Telephone solicitors engaging in unsolicited telephonic sales calls to Massachusetts consumers are required to "properly register on an annual basis with the Office.

## DEFENDANT TURBO UNARTHORIZED CALLS TO PLAINTIFFS TELEPHONE NUMBER 857-225-3862

41. Defendant Turbo and or its agents places calls to offer their service credit and debt solutions to generate new customers.

42. To generate placements, Turbo relies on telemarketing and solicitation calls to individuals cellular telephone.

43. One of defendant Turbo strategies for telemarketing involves the use of an automatic telephone dialing system ("ATDS") to solicit business by third parties.

44. Defendant Turbo engages third parties for the use of this equipment because it allows for thousands of automated calls to be placed at one time, and saves Turbo money because its telemarketing representatives, who are paid by the hour, only talk to individuals who pick up the telephone.

45. Through this method, Turbo shifts the burden of wasted time to the consumers it calls with unsolicited messages.

46. Defendants Turbo, Amend Cross John Doe, Jane Doe and or their agents placed several calls to plaintiff personal cellular telephone while it was registered on the National and State Do Not Call Registry with an Automatic Telephone Dialing System without an emergency purpose or my consent.

47. The call was made with an Automatic Telephone Dialing System. When the phone was answered there was silents then clicking then an agent was heard.

**Defendant Turbo Calls to Plaintiff that where recorded**

48. Plaintiff works 3rd shift and attempts to sleep during the day when defendants Turbo, Amend and Cross Mortgage placed these unauthorized calls to my cellular telephone number 857-225-3862.

49. Defendants Turbo, Amend Cross John Doe, Jane Doe and or their agents placed approximately 30 spoofed [4]calls to Plaintiff from a local Massachusetts number to trick

---

[4] Spoofing is when a caller deliberately falsifies the information transmitted to your caller ID display to disguise their identity. Scammers often use neighbor spoofing so it appears that an incoming call is coming from a local number, or spoof a number from a company or a government agency that you may already know and trust. If you answer, they use scam scripts to try to steal your money or valuable personal information, which can be used in fraudulent activity. See https://www.fcc.gov/spoofing.

plaintiff into answering his phone, which some were recorded. See CD of Video evidence attached as Exhibit 1.

50. During the April 10th and 11th calls, the Plaintiff was able to affirmatively identify that the calls were on the behalf of Turbo offering their goods or services in a series of follow up calls.

51. ***Defendant Turbo agents immediately confirmed their identity whenever the phone was answered stating "Hello this is name of agent calling on behalf of Turbo Debt". See Exhibit 1-3 on CD.***

52. Defendant Turbo call to plaintiff was recorded on April 10 twice and the 11th, 2024. See CD of Video evidence of defendants calling plaintiffs telephone number, attached as Exhibit 1-3.

53. ***When defendants Turbo called Plaintiff telephone number on April 10, 2024, 11:22 AM from spoofed telephone number 857-219- 0740 Turbo agent stated "Hello Sandra this is Karla and I am speaking on behalf of Turbo Debt on a recorded line how are you doing today" I then stated "I am sorry who did you say you are" the agent then stated "sure this is Karla with Turbo Debt on a recorded line, I then stated "How Can I help you miss Karla" she then hung up on me. See CD of Video evidence attached Marked as Exhibit 1.***

54. ***Defendant Turbo agent Karla stated on the April 10, 2024, 11:22 AM that the call was being Recorded without my consent,[5] as Massachusetts is a two party state.***

---

[5] Massachusetts makes it a felony to use a device to hear or record any telephone call unless all parties give their consent. Mass. Gen. Laws ch. 272, § 99(C). This includes phone calls and text messages made via cellphone. *Massachusetts v. Moody*, 993 N.E.2d 715 (Mass. 2013).

*55. A few hours later Defendant Turbo agent placed another call to my cellular telephone on April 10, 2024, at 2:06 PM to my cellular telephone number 857-225-3862 from a Spoofed telephone number 857- 219-0834. See CD Exhibit 2 of Video evidence.*

*56. Defendant Turbos agent then can be heard on the recording "Hello Sandra this is Carlos I am speaking on a recorded line on behalf of Turbo Debt the reason for this call is a follow up for your free consultation" then agent hung up on me abruptly. See CD Exhibit 2.*

*57. Again on April 11, 2024, at 6:53 PM Defendant Turbo agent Karla called my cellular telephone number 857-225-3862 again from the same Spoofed telephone number 857-219-0834, without my consent or for an emergency purpose while my telephone number was registered on the National and State Do Not Call Registry. See CD of Video evidence attached Marked as Exhibit 3.*

*58. When I answered Defendant Turbo April 11, 2024, at 6:53 call there was a click and silence for 11 seconds[6] then agent defendant Turbos agent Karla came on the line and stated, " Hello Sandra hello Sandra this is Karla I am calling on behalf of Turbo Debt how are you doing today?" I then stated on a what Turbos agent then stated "On a recorded line we are following up on your free consultation to help you with your current debt" I then asked "What website is this" agent Karla then cut me off and stated "Approximately how much are you dealing with" I then asked agent Karla again what website is this so that I could stop the calls. Agent Karla then stated " This is Turbo Debt Sir I am sorry mam we actually calling you up on your" I then stated*

---

[6] See Video of my telephone that displays the time telephone number defendants Turbo called from and hear their agent Karla represent she is calling on a recorded line on behalf of defendant Turbo Debt. See CD Exhibit Marked as 3.

***what website is this? Agent Karl then stated you actually went online to and then she***

***hung up on me. See CD Exhibit Marked as 3.***

59. Defendant Turbo and or their agents on their behalf placed over approximately 30 more calls to plaintiffs cellular telephone without consent or for an emergency purpose, using an Automatic Telephone Dialing System to solicit and sell me their Debt services as a Telemarketer more than 2 times within a 12 month period.

60. Plaintiff needed to answer the defendants Turbo, Amend Cross John Doe, Jane Doe and or their agents calls to see who they were that was calling my phone without consent or an emergency purpose..

**Some of Defendant Turbo unanswered calls to plaintiff**



  

  



**DEFENDANT AMEND UNARTHORIZED CALLS TO PLAINTIFFS**

**TELEPHONE NUMBER 857-225-3862**

61. *Plaintiff recorded the call when Amend kept calling my phone to find out who was calling and for what.*

62. *Defendant Amend and or its agent called plaintiff on or about Feb 19, 2024 about 7:52 PM when plaintiff answered the telephone the plaintiff stated, "Hello can I help you" the agent stated "Hello this is GREG from Amend Finance how are you doing today" I stated I am fine how are you who are you with"? the agent stated AMEND FINACE please keep in mind the calls are recorded and monitored for compliance purposes let me tell you why I am calling" I then stated "The call recorded ok go ahead" the agent stated "Yeah the calls are recorded and monitored I believe you are looking for some loan options personal loan consolidated loans is that right" I stated " How did you ? what's your name? What company you from? I don't think I dealt with you" the agent*

*then stated Then Amends agent stated "Its Greg With Amend Finance" I then stated "Amend Finance" the agent said "Yes Amend Finance" I the plaintiff stated "How do You Spell That" and Amend Finance Agent spelled the name out he stated " A M E N D " I then stated "AMEND FINACE where did you get my number from" the agent then stated Ahh the only way we would have gotten it was if you went online looking for some loan options all the people in the economy that are looking for loans the last thing you want to do is call someone that's not looking for help" then hung up on me abruptly. See CD Exhibit 4 Recording.*

63. Defendant Amend called my cellular telephone on several occasions from 339-565-2282 without my consent or for an emergency purpose, while I was on the National and State Do Not call Registry 32 days after I registered.

64. Area Code 339 is an Area code that serves the area surrounding Boston, MA. It includes the cities of Lynn, Waltham, Malden, Medford, and Weymouth Town.

65. Defendant Amend or their call center is not located in Massachusetts.

66. Defendant Amend when they used the area code 339 and their not in Massachusetts deems the telephone number 339-565-2282 as a Spoofed telephone number.

67. Defendants Amend called me and when I answered the agents said he was calling from Amend Financial and I the call was being recorded, this was without my consent which violated my privacy.

68. Defendant Amend also called me on 01/02/2024 3:02 PM and 02/9/2024 7:14 PM

69. Defendants Amend agent identified themselves as calling on behalf of defendant Amend.

70. Defendants Amend calls were contrary to the TCPA, MGL c. 159 et al, MGL 93a and other Federal and State laws.

71. Defendant Amend invaded plaintiffs privacy when they placed the unauthorized called to plaint Defendant Amend called me on

***May 13, 2024, 5:35 PM, ***April 13, 2024, 1:55 PM, ***April 25, at 12:54 PM., ***April 27, at 5:10 , PM, ***April 29, 2024, at 5:10 PM, ***May 8, 2024 at 7:23 PM, ***May 9, 2024 at 623PM, ***May 13, 2024 at 5:35 PM, ***May 23, 2024 at 11:38 AM, ***May 24, 2024 at 11:03 AM,***May 25, 2024 at 7:36 PM,***May 29, 2024 at 11:20 AM,***June 4, 2024 at 12:23 PM, my caller I.D Displayed 339-565-2282.







**DEFENDANT CROSS UNARTHORIZED CALLS TO PLAINTIFFS**

**TELEPHONE NUMBER 857-225-3862**

72. Defendant Turbo called me over 32 times for marketing and solicitation purposes, from several different numbers, without consent or an emergency purpose see below.

73. Defendant Turbo, Amend Cross John Doe, Jane Doe and or their agents called my cellular telephone while I was on the National and State Do Not call Registry 32 days after I registered.

74. Defendants Cross called me more than 2 times within a twelve month period, with an ATDS.

75. Defendant Cross called me and manipulated my caller I.D to reflect that local telephone numbers were calling me so I would answer including 857-203-0916, 857-957-3456, 857-264-2854, 857-316-3049.

76. Defendants Cross call my cellular telephone on April 3rd ,4th ,5th ,8th ,11th 2024 and over 20 times.

77. Defendants Cross made my caller I.D state HOME SERVICE with several 857 local telephone numbers.

78. When I would answer Cross calls it would be silence then a click then they would hang up some times.

79. Defendant Cross invaded plaintiffs privacy when they placed the unauthorized calls to my personal cellular telephone.

80. Defendants Cross was trying to solicit and or market their services to me when Cross placed the unauthorized calls to my personal cellular telephone from the calls below.

81. Defendants Cross called me, when I answered there was silence and then a click and an agent would come on be heard like they were in a factory with a lot of people making calls.

**SOME OF DEFENDANTS CROSS TELEPHONE CALLS**









16

82. Other times when the defendants Turbo, Amend, Cross, John Does and Jane Does would call I would answer and there was silence then a click and no one would be there I stated stop calling my phone and it would hang up.

83. Defendants' Turbo, Amend Cross John Doe, Jane Doe and or their agents telephonic sales calls caused Plaintiff harm, including inconvenience, invasion of privacy, aggravation, annoyance, wear and tear to his cell phone, loss of battery charge and life, and per-kilowatt electricity cost required to recharge his cellular telephone as a result of increased usage of plaintiff's cell phone services and violation of his statutory privacy rights

84. Moreover, Turbo, Amend and Cross maintained interim control over John Doe Corporation's actions.

85. For example, Turbo, Amend and Cross had absolute control over whether, and under what circumstances, it would accept a customer.

86. Furthermore, Turbo, Amend and Cross had day-to-day control over John Does Corporation's actions, including the ability to prohibit it from using an ATDS to contact potential customers of Turbo, Amend and Cross.

87. Defendants Turbo, Amend Cross John Doe, Jane Doe and or their agents failed to make such an instruction to John Doe Corporation, and as a result, is liable for John Doe Corporation's conduct.

88. Defendants Turbo, Amend Cross John Doe, Jane Doe and or their agents also gave interim instructions to John Doe Corporation by providing the volume of calling and leads it would purchase.

89. Finally, the May 2013 FCC Ruling states that called parties may obtain "evidence of these kinds of relationships . . . through discovery, if they are not independently privy to such information." Id. at 6592-593 (¶ 46).

90. Evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." Id. at 6593 (¶ 46).

91. Under M. G. L., c. 159C § 8, Defendants Turbo, Amend Cross John Doe, Jane Doe and or their agents are responsible for Plaintiff's reasonable attorney's fees and costs [7].

92. All the calls from defendants Turbo, Amend Cross John Doe, Jane Doe and or their agents were trying to sell the plaintiff services and are deemed to be Telemarketing and advertising of their services.

93. All calls were within a 12-month period of plaintiff registering his personal cellular telephone on the Federal and State Do Not Call Registry.

94. The calls from defendants Turbo, Amend Cross John Doe, Jane Doe and or their agents were also after plaintiff was on the Do Not Call Registry for over 32 days.

95. Plaintiff never opted in to either Defendant's Turbo, Amend Cross John Doe, Jane Doe and or their agents campaigns nor did I give express written consent to Defendants to text or call me.

---

[7] "In a civil proceeding resulting from a transaction involving a violation of this chapter, the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, shall be awarded reasonable attorney's fees and costs from the non-prevailing party. M. G. L., c. 159C § 8.

96. Defendants Turbo, Amend Cross John Doe, Jane Doe and or their agents maintain and/or have access to outbound transmission reports for all text messages and calls sent for the advertising and promotion of their goods and services.

## COUNT I
### Violations of the Telephone Consumer Protection Act,
### 47 U. S.C. §227(b)(l)(A)-on behalf of Plaintiff
### DEFENDANTS CROSS, AMEND, TURBO, JOHN DOE, AND JANE DOE

91. Plaintiff incorporates the allegations from all previous paragraphs as if f fully set forth herein.

92. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the Plaintiff's cellular telephone number using an ATDS and/or artificial or prerecorded voice.

93. As a result of the acts of Defendants (and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf) in violation of the TCPA, 47 U.S.C. § 227, Plaintiff presumptively is entitled to an award of $500 in damages for each and every call made to his cellular telephone number using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

94. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

95. Defendants' violations were willful and/or knowing.

96. As a result of Defendants' knowing or willful conduct, Plaintiff is entitled to an award of $1,500.00 in statutory damages per each violation of 47 U.S.C. §227(b)(l)(A).

## COUNT II
### Violation of the TCPA's DNC provisions
### DEFENDANTS CROSS, AMEND, TURBO, JOHN DOE, AND JANE DOE

97. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

98. Defendants violated the TCPA by (a) initiating telephone solicitations to persons and entities whose telephone numbers were listed on the Do Not Call Registry, or (b) by the fact that others made those calls on its behalf. See 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

99. Defendants' violations were willful and/or knowing.

100.    As a result of Defendants' violations of the TCPA, 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of up to $500 in damages for each call made in violation of this section. The Court may award up to $1,500 if the violation was found to be "willful or knowing."

101.    Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making calls advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry.

102.    As a result of Defendants' knowing or willful conduct, Plaintiff is entitled to an award of $1,500.00 in statutory damages per each violation of the 47 U.S.C. § 227(c)(5).

## COUNT III
### (Violation of the MTSA)
### M.G.L., c. 159C, et. al

## DEFENDANTS CROSS, AMEND, TURBO, JOHN DOE, AND JANE DOE

103.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

104.     Defendants made unsolicited telephonic sales calls and or Marketing calls to Plaintiff.

105.     Defendants made these calls to Plaintiff without express written consent or permission, or for an emergency purpose in violation of M.G.L., c. 159C, § 1.

106.     Defendants falsified and displaced caller identification, in violation of M.G.L., c. 159C, § 4 (and 201 C.M.R. § 12.02(5).

107.     Defendants failed to register with the Office, in violation of 201 C.M.R., § 12.04.

108.     Telephone solicitors making calls to Massachusetts consumers are required "to properly register on an annual basis with the Office."

109.     Defendants have failed to satisfy a basic, threshold requirement for conducting telephone solicitations in Massachusetts, that telephone solicitors must "have an approved registration prior to soliciting any Massachusetts consumers." 201 C.M.R., § 12.04(3).

110.     Defendants have also failed to comply with the requirement of 201 C.M.R. § 12.04(3) that they keep and consult the latest version of the Massachusetts do-not-call registry.

111.     As a result of this conduct, Defendants have violated the MTSA, and they are liable to Plaintiff for damages, including actual damages or statutory damages of up to $5,000 for each MTSA violation, whichever is greater.

## COUNT IV
### (Violation of the M T S A  DO NOT Call Provisions)

**DEFENDANTS CROSS, AMEND, TURBO, JOHN DOE, AND JANE DOE**

112.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

113.     Defendants made unsolicited telephonic sales and or Marketing calls and or text messages to Plaintiff when Plaintiff was registered with the Massachusetts do-not-call registry after 31 days, in violation of M.G.L., c. 159C, § 3 et al. (and 201 C.M.R. § 12.02(1)) et al.

114.     As a result of this conduct, Defendants knowingly and willfully have violated the MTSA, and they are liable to Plaintiff for damages, including actual damages or statutory damages of up to $5,000 per violation, whichever is greater.

115.     Defendants also failed to get a copy of the telephone number on the National and State Do Not Call Registry when they made the calls they knew they could be calling a telephone number on the National and or State Do Not Call Registry, therefore each and every call was placed knowingly and Willingly.

**COUNT V**
**VIOIATION OF THE MASSACHUSETTS UNFAIR AND DECEPTIVE**
**TRADE PRACTICES ACT M.G.L.c 93A et al.**
**DEFENDANTS CROSS, AMEND, TURBO, JOHN DOE, AND JANE DOE**

116.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

117.     Defendants have failed to satisfy a basic threshold requirement for conducting telephone solicitations in Massachusetts, that telephone solicitors must "have an approved registration prior to soliciting any Massachusetts consumers:' 201 C.M.R., § 12.04(3) et al..

118.      Defendants nor their agents were registered with the Massachusetts Office of Consumers affairs and Business Regulation (the "Office") as a Telephone Solicitor which is a contrary to 201 C.M.R. § 12.04. and M.G.L. 93 A. et al.

119.      Defendants failed to Register as a Massachusetts telemarketer as is required by 201 C.M.R. § 12.04. Telephone solicitors engaging in unsolicited telephonic sales solicitation and or marketing calls in the Commonwealth of Massachusetts when the calls were placed to plaintiffs cellular telephone to Massachusetts consumers are required to "properly register on an annual basis with the Office" which is contrary to MGL 93 A.

120.      Defendants does not have offices in Massachusetts or property therefore no MGL 93 a demand letter was necessary to send them.

121.      Defendants started recording the telephone calls they placed to my cellular telephone without first getting my consent.

## PRAYERS FOR R ELIEF SOUGHT

122.      WHEREFORE, Plaintiff requests the following relief from defendants Turbo, Cross, Amend , John Does and Jane Does

123.      Injunctive relief prohibiting Defendants from calling any telephone numbers Soliciting, Marketing, and advertising their goods or services, except for emergency purposes, to ANY number on the National or State Do Not Call Registry using an ATDS and not registered with the Massachusetts Office of Consumers affairs and Business Regulation (the "Office") in the future.

124.      Because of Defendant's violations of the TCPA, Plaintiff should be awarded $500 in damages for each violation or-where such regulations were willfully or knowingly violated-up to $1,500 per violation, pursuant to 47 U.S.C. § 227(b}(3) and (c)(5).

125.     Because of Defendants violations of M.G.L., c. 159C by engaging in and causing a pattern or practice of initiating telephone solicitations and or Marketing to Plaintiff's cellular phone without Plaintiff's express written consent or for an emergency purpose and not being registered with the Office all calls where knowingly and willfully; Plaintiff seeks $5000 in damages for each violation of the act.

126.     Because of Defendants' violations of the Massachusetts and TCPA Do Not Call Provision, and 47 U.S.C. § 64.1200(c)(2), 47 U.S.C. § 64.1200(c)(5), 47 U.S.C. §227(b)(1)(A), Plaintiff seeks damages of up to $500.00 per violation, and the court to find the calls where willful and order each violation of $1500 per violation.

127.     An injunction requiring Defendants to comply with 47 U.S.C. § 227(b)(3) and (c)(5). 201 C.M.R., § 12.04(3), MGL 93A, 47 C.F.R. § 64.1200(d) by (1) maintaining the required written policies; (2) providing training to their personnel engaged in telemarketing and solicitation; and (3) maintaining a do-not-call list and being registered with the Office.

128.     Award plaintiff double or treble damages under the M.G.L 93a statute for not being registered with the Massachusetts Office of Consumers affairs and Business Regulation (the "Office") as a Telephone Solicitor or Telemarketer before calling plaintiff or Massachusetts residents under 201 C.M.R. § 12.04.

129.     Award Plaintiff Punitive damages and reasonable attorney's fees pursuant to M.G.L.c., c. 159C. et al. and MGL 93a. et al.

130.     An order declaring that Defendants' actions, as set out above, violated the Telephone Consumer Practices Act, Massachusetts Telemarketers Solicitation Act 159 c and the Massachusetts Unfair and Deceptive Trade Practices Act MGL 93a.

24

131.     Any other such other relief as the Court deems just and proper.


## JURY DEMAND

Plaintiff request a jury trial as to all claims of the complaint so triable


Respectfully submitted

Vincent Lawrence   /s/ Vincent Lawrence

111 Atlantic Avenue Apt 208

Boston, Ma 02110

Vlawrence02121@gmail.com

857-225-3862

*Vincent Lawrence*
July 14, 2024

**VERIFIED LAWSUIT**

I Vincent Lawrence is the Plaintiff in this civil proceeding before this court. I am over the age of 21 , I verify that I have personal knowledge of the facts stated above and hereby swear under pains and penalties of perjury that all of those facts are true and accurate.

Under the law, specifically 28 U.S.C. § 1746(2), I, Vincent Lawrence, am declaring under penalty of perjury that everything stated in this Verified Complaint is true and accurate to the best of my knowledge. I have firsthand knowledge and can testify in court about the information provided herein.

Respectfully submitted

July 14, 2024

Vincent Lawrence   /s/ Vincent Lawrence

111 Atlantic Avenue Apt 208

Boston, Ma 02110

Vlawrence02121@gmail.com

857-225-3862