UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VINCENT LAWRENCE,<br><br>  Plaintiff,<br><br>v.<br><br>KALM FINANCIAL, INC., et al.,<br><br>  Defendants. | CIVIL ACTION NO.:<br>1:24-CV-11493-ADB |

**DEFENDANT CROSSCOUNTRY MORTGAGE LLC.'S**
**MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

Pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure and Loc. R. 7.1(a)(1), Defendant CrossCountry Mortgage, LLC. ("CrossCountry") hereby files its Memorandum of Law in Support of its Motion to Dismiss the Second Amended Complaint filed by Plaintiff Vincent Lawrence ("Plaintiff"). In support of its Motion to Dismiss, CrossCountry states the following:

**INTRODUCTION**

Plaintiff's Second Amended Complaint warrants dismissal at this juncture as it only presents nebulous and pro forma allegations against CrossCountry which do not put CrossCountry on notice of the acts or omissions it is forced to defend against. Despite discrete subheadings in his Second Amended Complaint, Plaintiff levies allegations against other named defendants in its claims against CrossCountry, making it impossible for CrossCountry to decipher what act or omission necessitates a defense or response. (Second Amended Compl. at ¶¶ 72, 82, 83, 84, 85, 86, 87, 88, 91, 94 and 96). This failure to specify the acts or omissions attributable to CrossCountry, as opposed to Co-Defendants, is particularly troublesome as Plaintiff requests statutory damages ranging from $500.00 to $5,000.00 **per violation**. For these reasons, Plaintiff's

Second Amended Complaint is deficient pursuant to Fed R. Civ. P. 8(a) and a dismissal with prejudice is appropriate at this time.

Notwithstanding Plaintiff's failures under Fed. R. Civ. P. 8(a), Plaintiff's Second Amended Complaint makes no attempt to establish the causal relationship between the phone calls complained of in his Complaint and CrossCountry. At no point in time does Plaintiff establish that the phone numbers in the Complaint are even remotely connected to CrossCountry. Instead, Plaintiff merely speculates that CrossCountry "made [his] caller ID state HOME SERVICES with several 857 local telephone numbers." Nowhere in his Second Amended Complaint does Plaintiff allege that the person or entity calling him represented themselves as an agent of CrossCountry. Notably, and in contrast with his other claims in the Complaint, Plaintiff does not make any allegation linking the "HOME SERVICES" phone numbers with CrossCountry. In the absence of any allegation demonstrating that CrossCountry is somehow affiliated with the phone numbers identified in Paragraph 75 of the Second Amended Complaint, the Court must dismiss CrossCountry, with prejudice.

## LAW AND ANALYSIS

### I. Motion Standard

Rule 8(a) requires pleadings to "contain a short and plain statement of the claim showing that the pleader in entitled to relief." Fed. R. Civ. P. 8(a). "In order to satisfy the minimal requirements of notice pleading, a plaintiff cannot 'lump' multiple defendants together and must "state clearly which defendant or defendants committed each of the alleged wrongful acts." *Canales v. Gatzunis*, 979 F. Supp. 2d 164, 170, 2013 U.S. Dist. LEXIS 155081 (D. Mass. 2013), quoting *Bagheri v. Galligan*, 160 F. App'x 4, 5 (1st Cir. 2005). *See Sires v. Hefferman*, C.A. No. 10-11993-MLW, 2011 U.S. Dist. LEXIS 65523, 2011 WL 2516093, at 5 (D. Mass. 2011) ("By

lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [plaintiff]'s complaint failed to satisfy [the] minimum standard of pleading under Fed. R. Civ. P. 8(a).'") (quoting *Atuahane v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001).

Pursuant to Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007). "A pleading that offers 'labels and conclusions' or "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 557.

II.  **Plaintiff's Second Amended Complaint is legally insufficient under Rule 8(a)'s notice requirements as it lumps Defendants together and does not specify what acts or omissions are attributable to CrossCountry only.**

Plaintiff's Second Amended Complaint should be dismissed as it fails to meet the minimum pleading standards, set forth in Fed. R. Civ. P. 8(a), and therefore does not put CrossCountry on notice of the specific acts or omissions for which it is forced to defend against. Instead, Plaintiff makes bare allegations that CrossCountry made phone calls to him under the caller I.D. of "HOME SERVICE" without stating any facts showing that "HOME SERVICE" is in fact CrossCountry. Compl. ¶¶75-81. Instead of taking part in any investigation to figure out who "HOME SERVICE" is, blindly alleges that these missed calls must have come from CrossCountry. *Id.* at ¶81. Even stranger still, Plaintiff alleges that all of the Defendants were calling him from this "Home Service" business by improperly lumping them together and failing to state clearly which defendant took what action. *Id.* at ¶82. This is in violation of Fed. R. Civ. P. 8(a) as it does not put CrossCountry on notice of the claims against it and, therefore, the Complaint should be dismissed. This is even

more true when a plaintiff brings a claim under the TCPA because the plaintiff is seeking recovery for each violation of the TCPA. *Kramer v. Autobytel, Inc.*, 759 F.Supp.2d 1165, 1172 (N.D.Cal.2010) citing Abbas, 2009 U.S. Dist. LEXIS 116697, 2009 WL 4884471 at *2.

Plaintiff further alleges that all of the named defendants were making calls to him, but that CrossCountry and the other defendants had control over some unknown entity who may have been using an ATDS to contract customers. (Second Amended Compl. at ¶¶82-84, 86). Plaintiff has also incorporated illegible screenshots of phone calls seemingly in an effort to show that he received missed calls. (*Id.* at ¶¶60, 71, 81). It is impossible to decipher where these calls came from or who the calls were made to. This is another example of the Second Amended Complaint not putting CrossCountry on notice of the claims against it through the use of vague and ambiguous that do not meet the minimum requirements of Fed. R. Civ. P. 8(a).

Plaintiff further lumps all of the Defendants together in its Factual Allegations section and under all of the Counts alleged against the Defendants. Compl. at ¶¶82-130. At times, Plaintiff just names all of the Defendants as being responsible for similar action(s) without properly delineating who took what actions and under Counts I-V, Plaintiff references all defendants just as "Defendants." Again, this strategy violates Fed. R. Civ. P. 8(a).

### III. Plaintiff's Second Amended Complaint Fails to State a Claim under 12(b)(6)because the allegations are insufficient to form a cognizable claim.

Plaintiff alleges that Defendants, as a whole, used an ATDS. The only evidence of the purported use of ATDS is Plaintiff's perception that when he would receive a call and there was a "delay and clicking sound." (Second Amended Compl. at ¶37). Plaintiff then alleges that the Defendants are not registered to engage in telephone solicitation, but only alleges that CrossCountry called him from a caller I.D. reading: "Home Service." (*Id.* at ¶¶38, 74-77). Plaintiff provides no evidence that CrossCountry ever called him other than baselessly alleging that "Home

Service" is CrossCountry. Instead, Plaintiff merely provides illegible screenshots of call details which provide no evidence that CrossCountry had ever called him. (*Id*. at ¶81). While "delays and clicking sounds" may mean something to Plaintiff, it does not mean that CrossCountry ever contacted him and does not create plausible claims in Counts I – V of the Second Amended Complaint.

Plaintiff includes other conclusory allegations using the names of all Defendants but he does not allege how CrossCountry would be liable for any wrongdoing of the other named or unnamed Defendants. Because Plaintiff merely provides naked assertions against CrossCountry and does not properly allege how CrossCountry would be liable to him for the wrongdoing of an unknown party, he has failed to plead sufficient factual allegations to state a claim for relief.

## CONCLUSION

Plaintiff's Second Amended Complaint should be dismissed because it does not meet the notice pleading requirements of F. Civ. R. 8(a) and fails to state a claim under F. Civ. R. 12(b)(6). Plaintiff can not be allowed to solely provide conclusory allegations that are backed by illegible and meaningless screenshots. Further, because Plaintiff did not provide any allegations of why CrossCountry should be held liable for the actions of an unknown defendant, his claims should be dismissed.

**WHEREFORE,** Defendant CrossCountry Mortgage, LLC respectfully requests this Court to enter an Order dismissing Plaintiff's Second Amended Complaint and award any such further or equitable relief in favor of CrossCountry as this Court may deem just and proper.

Dated: September 3, 2024

 

_____
Kenneth B. Walton, Esq., BBO #: 562174
Ken.Walton@lewisbrisbois.com
Pierre Youssef, Esq. BBO#: 706018
Pierre.Youssef@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD &
SMITH LLP
60 State Street, 23rd Floor
Boston, MA 02109
T: 857.313.3935

*Attorneys for CrossCountry Mortgage, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of September, 2024, I electronically filed the foregoing **MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Melanie A. Conroy (BBO No. 568830) PIERCE ATWOOD LLP
100 Summer Street, 22nd Floor
Boston, MA 02110
Tel: (617) 488-8119
Fax: (617) 824-2020
Email: mconroy@pierceatwood.com

Jamey R. Campellone, *PHV Anticipated*
GREENSPOON MARDER LLP
200 E. Broward Blvd, Ste 1800
Fort Lauderdale, FL 33301
Tel: (954-527-6296
Fax: (954-333-4027

*Attorneys for Turbo Debt LLC*

Vincent Lawrence, *Pro Se*
111 Atlantic Avenue, Apt 2
Boston MA 02126
Tel: (857-225-3862
Vlawrence02121@gmail.com


*/s/ Pierre C. Youssef*
Pierre C. Youssef, Esq.
Attorneys for CrossCountry Mortgage, LLC