UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VINCENT LAWRENCE,<br><br>    Plaintiff,<br><br>v.<br><br>KALM FINANCIAL INC. ET AL<br><br><br><br>    Defendant. | Civil Action No. 1:24-cv-11493- ADB |

**PLAINTIFF VINCENT LAWRENCE MEMORANDUM SUPPORTING MY OPPOSITION TO DEFENDANT CROSS COUNTRY MORTGAGE LLC AND TURBO DEBT LLC, MOTION TO DISMISS PLAINTIFFS SECOND AMENDED COMPLAINT**

1. Plaintiffs Vincent Lawrence ("Plaintiff") hereby submit my Motion for an order denying the only two defendants left in this case defendant CrossCountry Mortgage, LLC. ("Cross") and Turbo Debt LLC ("Turbo and or Turbos"), motion to dismiss as to plaintiff failed to state a claim under the TCPA, MTSA, MGL 93 a.

2. The Defendants Cross and Turbo state in their motion to dismiss "Plaintiff claims and 2nd amended complaint ("SAC") once again only presents vague and imprecise allegations not putting Cross or Turbo on notice of the claims against them through the use of vague

1

and ambiguous that do not meet the minimum requirements of Fed. R. Civ. P. 8(a)that fall well short of the pleading standards set forth in the Federal Rules of Civil Procedure.

3. Defendant Cross answered plaintiff complaint on 06/20/2024 (Doc 12 ) now that plaintiff has made his SAC stronger now defendants Cross decides to file a 12 B 6 motion. See Dckt 32.

4. Defendants Cross and Turbo further states "Plaintiff claims were placed by Turbo Debt or its supposed agents. Indeed, the SAC still yields absolutely no insight as to why Plaintiff believes Turbo Debt is connected to dozens of the alleged calls at issue, let alone responsible for their placement. See Cross Country Motion to Dismiss page 3-4 and Turbo Motion to dismiss page 2 and Conclusions.

5. Defendant Turbo and Cross conclusion further states "*Plaintiff's Second Amended Complaint failed not only to give Cross or Turbo Debt adequate notice of the claims against it, but moreover, failing to allege any non-conclusory factual matter establishing Turbo and Cross involvement in the alleged conduct (and thus Plaintiff's right to relief under the TCPA, MTSA, and Massachusetts consumer protection laws) and does not meet the notice pleading requirements of F. Civ. R. 8(a) and fails to state a claim under F. Civ. R. 12(b)(6).As such, Plaintiff's SAC fails to state a claim against Turbo Debt, and in light of Plaintiff's repeated failure to adequately state these claims without these critical errors present, this Court should dismiss Plaintiff's Complaint with prejudice in its entirety*". "*Because Plaintiff has repeatedly failed to cure these same deficiencies time and again, this Court should enter an Order dismissing Plaintiff's SAC with prejudice*".

**Standard of Review**

6. On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must determine if the facts alleged "plausibly narrate a claim for relief." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012). Reading the complaint "as a whole," the Court must conduct a two-step, context-specific inquiry. García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013). First, the Court must perform a close reading of the claim to distinguish the factual allegations from the conclusory legal allegations contained therein. Id.

7. Factual allegations must be accepted as true, while conclusory legal allegations are not entitled credit .Id. Second, the Court must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the misconduct alleged." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). In sum, the complaint must provide sufficient factual allegations for the Court to find the claim "plausible on its face." García-Catalán, 734 F.3d at 103 (quoting Iqbal, 556 U.S. at 678).

## Factual Allegations

8. The following facts are drawn from Plaintiff's SAC and are accepted as true for the purpose of resolving the motion to dismiss.

9. Plaintiff alleges that he received several telephone calls (Two calls within a year) to his cellular telephone service from defendants Turbo and Cross with an automatic dialing system, without consent or an emergency purpose while my phone was registered on the Federal and Massachusetts State Do Not Call Registry purporting to advertise and promote their products of selling me services, while neither defendant was registered with the Massachusetts Office of Consumers affairs and Business Regulation (the

"Office") as a Telephone Solicitor which is a contrary to 201 C.M.R. § 12.04. and M.G.L. 93 A. See FVAC ¶¶ 22-23, 40, 51, 56, 59, 65,

10. "The elements of a TCPA claim are thus: (1) the defendant called a cellular telephone; (2) using an ATDS; (3) without the recipient's prior express consent." Jones v. FMA Alliance Ltd., 978 F. Supp. 2d 84, 86 (D. Mass. 2013)[1]

11. Plaintiffs SAC states "Defendants Cross and Turbo actions where contrary to the Massachusetts Unfair Deceptive Trade Practices Act G.L.c 93A, knowingly and willfully have violated the MTSA, DNC provisions, falsified and displaced caller identification, in violation of M.G.L., c. 159C, § 4 (and 201 C.M.R. § 12.02(5), failed to register with the Massachusetts Office of Consumers affairs and Business Regulation (the "Office") in violation of 201 C.M.R., § 12.04. or the injunction requiring Defendants to comply with 47 U.S.C. § 227(b)(3), (c) (5). 201 C.M.R., § 12.04(3), MGL 93A, 47 C.F.R. § 64.1200(d) by (1) maintaining the required written policies; (2) providing training to their personnel engaged in telemarketing; and (3) maintaining a do-not-call list (4) To make any more calls or text messages without Consent.

12. Plaintiff alleges that despite being on the Federal and State DNC and defendant Turbo not being registered with the Massachusetts Consumer affairs office Defendant Turbo continued to place calls from several numbers to plaintiffs cellular telephone.[2]

---

[1] The TCPA defines an ATDS as a piece of "equipment which has the capacity -- (A) to store or produce telephone numbers to be called using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. §227(a)(1).

[2] The elements of a TCPA claim (47 U.S.C. § 227(b)(1)(A)(iii)) are: (1) the defendant used an automatic dialing system or an artificial or prerecorded voice, (2) to call a telephone number assigned to a cellular telephone service or to a service for which the called party is charged for

4

13. Defendant states additionally, pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court should dismiss a complaint that fails to state a claim upon which relief may be granted. See Turbo Motion to dismiss Document 17 ¶ pg. 6-9.

14. Plaintiff SAC contains sufficient facts "To survive dismissal, 'the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Id., 53 F.3d at 5-6 (quoting Barchock, 886 F.3d at 48 (internal quotation marks omitted)). See Paul Jones v Montachusetts Regional Transit Authority First Circuit November 30, 2023, case # 22-1234. Page 5.

15. Here, plaintiff SAC further alleges violations of the TCPA in the form of unconsented-to cell phone calls made using an ATDS or artificial or prerecorded voice. As relevant here, the TCPA prohibits "any person" from using an "[ATDS] or an artificial or prerecorded voice" to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) . . . to any telephone number assigned to a . . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added). See Paul Jones v Montachusetts Regional Transit Authority First Circuit November 30, 2023, case # 22-1234. Page 5.

16. However, the prohibition on autodialed and prerecorded/artificial voice message calls to cellular phones is not limited to "telephone solicitations"; as noted, it applies to "any call" and by its terms exempts only calls made for emergency purposes and calls made with the prior express consent of the called party. See 47 U.S.C. § 227(b)(1)(A)(iii); In re Rules &

---

the call. See Levy v. Receivables Performance Mgmt. LLC 972 F. Supp. 2d 409, 417 (E.D.N.Y. 2013). Also See Breda v. Cellco P'ship, 934 F.3d 1, 4 (1st Cir. 2019). See also Paul Jones v Montachusetts Regional Transit Authority First Circuit November 30, 2023, case # 22-1234. Pg. 6.

Reguls. Implementing the Tel. Consumer Prot. Act of 1991, 30 FCC Rcd. 7961, 8022-23 (2015) (noting that "the TCPA contains unique protections for wireless consumers because autodialed and prerecorded calls are increasingly intrusive in the wireless context, . . . [and] the intrusion on the consumer's privacy from unwanted calls may actually be greater with wireless than wireline calls, where the calls are received on a phone that the consumer may carry at all times" (internal quotation marks omitted)). See Paul Jones v Montachusetts Regional Transit Authority First Circuit November 30, 2023, case # 22-1234. Pg. 5.

17. Plaintiff clearly stated all the elements needed for a TCPA claim as the First circuit and other circuits has laid out as recent as November 30, 2023. See Levy v. Receivables Performance Mgmt. LLC 972 F. Supp. 2d 409, 417 (E.D.N.Y. 2013). Also See Breda v. Cellco P'ship, 934 F.3d 1, 4 (1st Cir. 2019). See also Paul Jones v Montachusetts Regional Transit Authority First Circuit November 30, 2023, case # 22-1234. Pg. 6.

18. Plaintiff also stated defendants Cross and Turbo in the SAC stated that Defendants Turbo called his cell phone without an emergency purpose and with an ATDS. See FVAC ¶¶ 22-23, 56, 59, 65,

19. Plaintiff also stated in the SAC that "Defendants Cross and Turbo called my cellular telephone more than one or two times within a 12 month period" . See ¶ FVAC 51.

20. Plaintiff also described how the calls were called with an ATDS with particularity not just bare bones. Plaintiff stated, "When plaintiff answered these calls he would here a pause and then a click and then the robo messages would start or a live agent would come on the phone and it sounded like they were in a call center". See SAC ¶ 35.

21. Plaintiff even submitted recordings where defendant Turbo represented stated they where calling regarding Turbos service and hung up repeatedly on plaintiff. See Video and audio of calls from Turbo agent, CD Recordings.

22. Plaintiff also stated that defendant Cross and Turbo called a cellular telephone that was registered on the DNC, I stated the date and time I registered with the national and state registries. See FVAC ¶¶16-24.

23. In this case, there is no genuine dispute as to the first, second or third element of what needs to be alleged in a TCPA complaint according to the First Circuit Court of appeals and this district against defendants Cross and Turbo, the plaintiff has put forward sufficient evidence on all three elements in his SAC to alleged a violation of the TCPA,MTSA, MGL 93a defendants motion to dismiss should be denied.

24. Plaintiff further stated " Defendants Cross and Turbo actions where contrary to the Massachusetts Unfair Deceptive Trade Practices Act G.L.c 93A, knowingly and willfully have the MTSA, DNC provisions, and defendants falsified and displaced caller identification, in violation of M.G.L., c. 159C, § 4 (and 201 C.M.R. § 12.02(5), they failed to register with the Massachusetts Office of Consumers affairs and Business Regulation (the "Office") in violation of 201 C.M.R., § 12.04. or the injunction requiring Defendants to comply with 47 U.S.C. § 227(b)(3), (c) (5). 201 C.M.R., § 12.04(3), MGL 93A, 47 C.F.R. § 64.1200(d) by (1) maintaining the required written policies; (2) providing training to their personnel engaged in telemarketing; and (3) maintaining a do-not-call list (4) To make any more calls or text messages without Consent. .See Plaintiff SAC

25. Plaintiffs strongly believe the SAC is entirely sufficient to resisting the challenge in the motion to dismiss and to upgrade the complaint from a State court complaint to a federal complaint.

26. Plaintiffs amended certain allegations that clarified the record for the Court's decision on the arguments raised in the defendant Cross and Turbo motion to dismiss. Plaintiffs SAC has been cure of all deficiencies of defendants Cross and Turbo 12 b 6 motion to dismisses filed with this court, no matter what plaintiff says the defendants Cross and Turbo feel as though the prose plaintiff has no rights to challenge any of their activities when they placed the calls to plaintiff cellular phone and the court should just sweep plaintiffs well pled allegations under the rug.

### Whether Plaintiffs' Chapter 93A Claims should be Dismissed

27. Plaintiffs have alleged that defendant Cross and Turbo was not registered in the state of Massachusetts with Massachusetts Telemarketing laws to call plaintiff as is required by 201 C.M.R. § 12.04. which is contrary to MGL 93a and MTSA. See SAC 38-43.

28. Defendants do not alleged that they were registered in Massachusetts Assuming that that Plaintiffs allegations are true, Plaintiffs has stated a claim under MGL 93a. Defendants Cross or Turbo has no assets or offices in Massachusetts so they do not have to be sent a demand letter, plaintiff has sufficiently allege all verbiage needed to have a MGL 93a claim against both Cross and Turbo, their MGL dismissal should be denied. See Defendants Motion to dismiss.

### PLAINTIFFS STATES EACH DEFENDANTS ACTIONS THAT WHERE CONTRAY TO THE TCPA, MTSA, MGL 93a and other violations.

29. Plaintiff separates each defendant Cross action that where contrary to each count in the lawsuit. See SAC 72-81.

30. Plaintiff separates each defendant Turbo action that where contrary to each count in the lawsuit. See Plaintiff SAC 48-60.

## CONCLUSION

31. Wherefore plaintiff ask this court to deny defendants Cross and Turbo motion to dismiss on the grounds that plaintiffs has stated a claim under the TCPA, MTSA, MGL 93a and Injunctive relief, and dismiss defendants Cross and Turbo 12 B 6 Motion to dismiss and order them both to answer plaintiffs SAC within 14 days.

Respectfully Submitted                                                September 29, 2024

*Vincent Lawrence*

Vincent Lawrence

111 Atlantic Avenue, Apt. 208

Boston, MA 02110

857-225-3862

vlawrence02121@gmail.com

## CERTIFICATE OF SERVICE

I Vincent Lawrence the Plaintiff hereby certify, under the penalties of perjury, that on this date I have made service of a copy of the following document(s) to the defendants attorneys listed below by email and first class mail.

Vincent Lawrence

111 Atlantic Avenue, Apt. 208

Boston, MA 02110

857-225-3862

vlawrence02121@gmail.com

September 29, 2024

*Vincent Lawrence*

Kenneth B. Walton

Lewis Brisbois Bisgaard & Smith LLP

One International Place

Suite 350

Boston, MA 02110

857-313-3936

Email: ken.walton@lewisbrisbois.com

Pierre C. Youssef

Lewis Brisbois Bisgaard & Smith

One International Place

Boston, MA 02110

508-816-3396

Email: peteryoussef1994@hotmail.com

Jamey R. Campellone

Greenspoon Marder LLP

200 East Broward Boulevard

Suite 1800

Fort Lauderdale, FL 33301

(954) 527-6296

Email: jamey.campellone@gmlaw.com

Melanie A. Conroy

Pierce Atwood LLP

100 Summer Street

Suite 2250

Boston, MA 02110

617-488-8119

Email: mconroy@pierceatwood.com